UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

        v.                                          No. 02-4938

CARLOS DEQUINCE DOUGLAS,
                    *Defendant-Appellant.*

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

        v.                                          No. 02-4991

DEBARROS ORTIZ CLAMP,
                    *Defendant-Appellant.*

Appeals from the United States District Court
for the Middle District of North Carolina, at Greensboro.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-02-147, CR-02-145)

Submitted: July 8, 2003

Decided: July 28, 2003

Before WILLIAMS and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Thomas H. Johnson, Jr., GRAY, NEWELL, JOHNSON & BLACK-MON, L.L.P., Greensboro, North Carolina; Michael K. Troutman, Greensboro, North Carolina, for Appellants. Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

In these consolidated appeals, Carlos Dequince Douglas and Debarros Ortiz Clamp attack their convictions and sentences following their conditional guilty pleas for unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1) (2000). Clamp was sentenced to 180 months' imprisonment as an armed career criminal, and Douglas was sentenced to ninety-five months' imprisonment. Both Douglas and Clamp challenge the district court's denial of their joint motion to suppress the illegal firearms recovered by police officers after stopping and searching them in response to an informant's tip. Clamp also raises several challenges to his armed career criminal classification, which focus on whether pointing a gun at another person is a "violent felony." Finally, Clamp also challenges the assessment of one criminal history point under the pre-sentence report ("PSR") for a previous misdemeanor conviction. We affirm both Douglas's and Clamp's convictions and sentences.

We review the legal conclusions underlying the denial of a motion to suppress de novo and review the predicate factual conclusions for clear error when assessed in the light most favorable to the party prevailing below. *United States v. Hamlin*, 319 F.3d 666, 671 (4th Cir. 2003). After careful consideration of the materials before us on

appeal, we conclude that the police officers who searched and arrested Douglas and Clamp responded to an accurate tip given by a reliable, face-to-face informant. *See United States v. Christmas*, 222 F.3d 141, 144 (4th Cir. 2000). The officer's subsequent verification of the tip provided reasonable suspicion to initiate a stop pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968).

We further find that Clamp's claims of sentencing error are without merit. Clamp's complaint that he was improperly assessed an additional criminal history point is baseless. *See U.S. Sentencing Guidelines Manual* § 4A1.2, comment. (backg'd) (2000). Moreover, we find that Clamp's South Carolina conviction for pointing a firearm at another person is a "violent felony" for purposes of the Armed Career Criminal Act. *See* 18 U.S.C. § 924(e)(2)(B)(i)-(ii) (2000). We reject Clamp's contention that whether the South Carolina firearm offense is a "violent felony" for purposes of the Armed Career Criminal Act is controlled by South Carolina's characterization of the offense as non-violent. *See Taylor v. United States*, 495 U.S. 575, 590 (1990) (noting that elements of state offenses are determinative regardless of technical definitions and labels under state law); *see also United States v. Sacko*, 247 F.3d 21, 25 (1st Cir. 2001) (noting that "because a state's classification of a crime generally reflects different policy considerations than the federal classification, it is simply not relevant to the determination of whether a crime is a 'violent felony'" under federal law).

Accordingly, we affirm both convictions and sentences. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*