# United States Court of Appeals

## For the First Circuit

Nos. 99-1487
     00-1090
     02-1713

WILLARD STEWART,

Plaintiff, Appellant,

v.

DUTRA CONSTRUCTION COMPANY, INC.,

Defendant, Appellee.

ON REMAND FROM THE UNITED STATES SUPREME COURT

Before

Selya, <u>Circuit Judge</u>,

Stahl, <u>Senior Circuit Judge</u>,

and Howard, <u>Circuit Judge</u>.

<u>David B. Kaplan</u>, <u>Thomas M. Bond</u>, and <u>The Kaplan/Bond Group</u> on
supplemental brief for appellant.
     <u>Frederick E. Connelly, Jr.</u>, and <u>Peabody & Arnold LLP</u> on
supplemental brief for appellee.

August 9, 2005

**SELYA**, **Circuit Judge**.  This case comes before us on remand from the United States Supreme Court.  The question is whether, in light of the Court's decision in Stewart v. Dutra Construction Co., 125 S. Ct. 1118 (2005) (Stewart III), we should rule, as a matter of law, that the plaintiff was a seaman for Jones Act purposes.  After studying the Court's decision and the parties' supplemental briefs, we answer this question in the affirmative and remand the case to the district court for trial on the remaining Jones Act issues (e.g., liability, causation, and damages).

For present purposes, a decurtate sketch of the background suffices.  On July 15, 1993, plaintiff-appellant Willard Stewart, an employee of defendant-appellee Dutra Construction Co., was injured while serving as an engineer on the dredge SUPER SCOOP in Boston Harbor.  Stewart sued Dutra in the United States District Court for the District of Massachusetts.  After some procedural skirmishing, not relevant here, he filed an amended complaint setting forth alternative statements of claim.  See Fed. R. Civ. P. 8(a) (authorizing a pleader to seek "[r]elief in the alternative").

In a count premised on the Jones Act, 46 App. U.S.C. § 688(a), the plaintiff asserted that he was a seaman injured as a result of negligence attributable to the SUPER SCOOP's owner (Dutra).  In a different and inconsistent count, premised on the Longshore & Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §

905(a), he asserted that he was a harbor worker, not a seaman, and that he was entitled as such to recover compensation from Dutra.

In due course, Dutra moved for summary judgment on the Jones Act claim. See Fed. R. Civ. P. 56(c). The district court granted the motion on March 29, 1999, and the plaintiff appealed. See 28 U.S.C. § 1292(a)(3) (allowing interlocutory appeals of orders that "determin[e] the rights and liabilities of the parties to admiralty cases"). This court, bound by stare decisis, affirmed the entry of summary judgment on the ground that the SUPER SCOOP was not a "vessel" for Jones Act purposes (and, therefore, the plaintiff did not qualify as a seaman). Stewart v. Dutra Constr. Co., 230 F.3d 461, 469 (1st Cir. 2000) (Stewart I) (citing DiGiovanni v. Traylor Bros., Inc., 959 F.2d 1119 (1st Cir. 1992) (en banc)).

In later proceedings, the district court entered summary judgment for the defendant on the LHWCA claim as well. We rebuffed the plaintiff's ensuing appeal. Stewart v. Dutra Constr. Co., 343 F.3d 10, 18 (1st Cir. 2003) (Stewart II). The plaintiff then filed a petition for a writ of certiorari to determine the SUPER SCOOP's status. The Supreme Court granted the petition, 540 U.S. 1177 (2004), reversed our decision in Stewart I, and remanded the case for further proceedings. Stewart III, 125 S. Ct. at 1129.

Whatever uncertainty trails in the wake of the Court's decision is largely of the Court's own making. Although the

certiorari petition's primary focus was on the Jones Act claim, the Stewart Court explained that it had "granted certiorari to resolve confusion over how to determine whether a watercraft is a 'vessel' for purposes of the LHWCA." Id. at 1123. Closely read, however, the opinion itself clears up any apparent confusion. It notes that the LHWCA and the Jones Act are "complementary regimes that work in tandem" and, hence, that the definition of what constitutes a "vessel" for purposes of either statute is the same. Id. In this sense, then, the LHWCA and the Jones Act are two sides of the same coin. Since a Jones Act claim is at issue here, we concentrate on that side of the coin.

The Jones Act does not define the word "vessel." In giving meaning to that word, the Supreme Court looked to language in § 3 of the Revised Statutes of 1873 (codified at 1 U.S.C. § 3), which provides a "default definition of 'vessel' throughout the U.S. Code, 'unless the context indicates otherwise.'" Stewart III, 125 S. Ct. at 1124 (quoting the statute). Under that definition, "[t]he word 'vessel' includes every description of watercraft or other artificial contrivance used, or capable of being used, as a means of transportation on water." 1 U.S.C. § 3. In reliance thereon, the Court concluded that dredges are vessels because they "serve[] a waterborne transportation function, since in performing their work they carr[y] machinery, equipment, and crew over water." Stewart III, 125 S. Ct. at 1126.

-4-

To be sure, the Court recognized that "a watercraft is not 'capable of being used'" as such — and thus not a vessel — "if it has been permanently moored or otherwise rendered practically incapable of transportation or movement." Id. at 1127. Although the determination of whether a particular watercraft fits within the exception typically involves factual questions, id. at 1128, no such questions existed here because Dutra had "conceded that the SUPER SCOOP was only temporarily stationary while Stewart and others were repairing the scow" and that "the SUPER SCOOP had not been taken out of service, permanently anchored, or otherwise rendered practically incapable of maritime transport." Id. Accordingly, the exception did not help Dutra; the SUPER SCOOP "was a vessel within the meaning of 1 U.S.C. § 3." Id. at 1129. That conclusion dictated an identical result under the Jones Act. See id.

On remand, the defendant strives to persuade us that a jury must decide whether the SUPER SCOOP was a vessel because factual disputes linger as to whether the dredge was capable of maritime transport. This is whistling past the graveyard. The Supreme Court addressed this very issue and found that no factual questions remain open. See id. at 1128. Because Dutra is trying to relitigate a point squarely addressed and authoritatively resolved by the Supreme Court, its effort is doomed to failure. See McCoy v. Mass. Instit. of Tech., 950 F.2d 13, 19 (1st Cir.

1991) (reiterating that federal appellate courts are bound by the Supreme Court's determinations).

Dutra makes a second argument as well. In order for an employee to be considered a seaman for Jones Act purposes, three requirements must be met: (i) the watercraft on which he was working when injured must have been a vessel; (ii) his duties must have contributed to the vessel's function or mission; and (iii) his connection to the vessel must have been substantial both in nature and in duration. Stewart III, 125 S. Ct. at 1127. Even if the SUPER SCOOP is a vessel, Dutra says, the plaintiff must be denied Jones Act protection at this stage of the game because he cannot satisfy the remaining two elements of the "seaman" definition (or, at least, those elements remain open for jury determination in subsequent proceedings). This argument is too little and too late.

In the first place, uncontradicted evidence in the record makes plain both that the plaintiff's work contributed to the performance of the SUPER SCOOP's mission and that his connection to the dredge was substantial both in nature and duration. No less an authority than the Supreme Court stated that Dutra effectively had conceded as much. Stewart III, 125 S. Ct. at 1122 ("The company acknowledged that Stewart was a member of the SUPER SCOOP's crew; that he spent ninety-nine percent of his time while on the job aboard the SUPER SCOOP; and that his duties contributed to the function of the SUPER SCOOP.") (alterations, citations, and

internal quotation marks omitted).  It is too late in the day for Dutra to attempt to backtrack on this acknowledgment.

In the second place, prior to this point Dutra has asserted only that the SUPER SCOOP is not a vessel.  It has not heretofore challenged either of the remaining two prongs of the seaman definition.  See, e.g., id. at 1122; Stewart I, 230 F.3d at 466.  The failure to raise these legal theories in the previous proceedings constitutes a waiver.[1]  See Teamsters, Chauffeurs, Warehousemen & Helpers Union v. Superline Transp. Co., 953 F.2d 17, 21 (1st Cir. 1992) (holding that legal theories not raised squarely in prior proceedings are waived); cf. United States v. Sacko, 247 F.3d 21, 24 (1st Cir. 2001) (holding that a party who failed to present an argument in previous appellate proceedings "may not revive in the second round an issue he allowed to die in the first").

We need go no further.  The Supreme Court decision, viewed against the backdrop of the record and the proceedings to this point, shows beyond hope of contradiction that the plaintiff must be regarded as a seaman for Jones Act purposes.  On that understanding, we remand the matter to the district court for further proceedings with respect to the remaining elements of the

---

[1]We do not mean to imply that a party who seeks summary judgment on one ground automatically waives other grounds should its motion be denied.  Here, however, Dutra made certain concessions on appeal, and it cannot escape the effect of those concessions.

plaintiff's Jones Act claim (e.g., liability, causation, and damages).

**So Ordered**.