**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4814

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ORLANDO JONES,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge.  (CR-00-320)

Submitted:  March 15, 2006          Decided:  April 10, 2006

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robert L. McClellan, J. Marshall Shelton, IVEY, MCCLELLAN, GATTON & TALCOTT, LLP, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Orlando Jones appeals the imposition of a 120-month term of incarceration following his plea of guilty to disqualified possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). Because we find that Jones' claims of sentencing error are without merit, we affirm.

Jones first asserts his convictions at ages nineteen and twenty for which he was placed in the South Carolina Department of Corrections, Youthful Offender Division, should be considered juvenile convictions and not used to compute his criminal history. We find that the district court properly applied the Sentencing Guidelines in determining Jones' criminal history. See U.S. Sentencing Guidelines Manual § 4A1.2(d) (2003).

Jones next asserts the district court erred by enhancing his offense level two points for reckless endangerment during flight pursuant to USSG § 3C1.2. We review the district court's determination of the facts for clear error; its decision that the adjustment applied based on those facts is reviewed de novo. United States v. Chong, 285 F.3d 343, 345 (4th Cir. 2002). The district court found that when Jones fled from a traffic stop he reached speeds of seventy-five miles per hour in a residential neighborhood on icy roads and ignored traffic signals in his flight. See USSG § 3C1.2, comment (n.2). We find the enhancement was properly applied.

Moreover, we find that Jones' South Carolina conviction for burglary second degree (dwelling) is a "violent felony" for purposes of computing his base offense level pursuant to USSG § 2K2.1. Burglary of a dwelling is a listed offense in the definition of a crime of violence, USSG § 4B1.2(a)(2). See USSG § 2K2.1, comment (n.5). We reject Jones' contention that whether the South Carolina burglary offense is a "violent felony" for purposes of determining his base offense level is controlled by South Carolina's characterization of the offense as non-violent. See Taylor v. United States, 495 U.S. 575, 590 (1990) (noting that elements of state offenses are determinative regardless of technical definitions and labels under state law); see also United States v. Sacko, 247 F.3d 21, 25 (1st Cir. 2001) (noting that "because a state's classification of a crime generally reflects different policy considerations than the federal classification, it is simply not relevant to the determination of whether a crime is a 'violent felony'" under federal law).

Jones' arguments relating to enhancements not imposed at sentencing are not properly before this court. See Texas v. United States, 523 U.S. 296, 300 (1998). Because the district court properly applied the Sentencing Guidelines and considered the relevant sentencing factors before imposing the 120-month sentence, 18 U.S.C.A. § 3553(a) (West Supp. 2005); see United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005), we find that the

sentence imposed was reasonable.  See United States v. Green, 436 F.3d 449,  457 (4th Cir. 2006) ("[A] sentence imposed within the properly calculated [g]uidelines range . . . is presumptively reasonable.") (internal quotation marks and citation omitted). Accordingly, we affirm Jones' sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED