UNITED STATES, Appellee,

v.

Francis E. SHERWOOD, Defendant,
Appellant.

No. 97–2179.

United States Court of Appeals,
First Circuit.

Heard May 4, 1998.

Decided Sept. 11, 1998.

Robert B. Mann, by appointment of the Court, with whom Mann & Mitchell was on brief, for appellant.

Margaret E. Curran, Assistant United States Attorney, with whom Sheldon Whitehouse, United States Attorney, and Gerard B. Sullivan, Assistant United States Attorney, were on brief, for appellee.

Before TORRUELLA, Chief Judge, SELYA and LYNCH, Circuit Judges.

TORRUELLA, Chief Judge.

Defendant Francis E. Sherwood was charged in a two-count indictment with being a convicted felon in possession of firearms and of ammunition in violation of 18 U.S.C. § 922(g)(1). He pled guilty to both counts, and the district court subsequently sentenced him to concurrent terms of seventy months of imprisonment and three years of supervised release for each count. Sherwood's prior felony record consisted of a two-count conviction under Rhode Island law for second degree child molestation.

Sherwood challenges his sentence on two grounds. First, he contends that the district court incorrectly determined that second degree child molestation was a "crime of violence" for purposes of U.S. Sentencing Guidelines Manual § 2K2.1(a). Second, he argues that the district court erroneously enhanced his criminal history score by two points after concluding that he had committed the instant offense while on probation for his previous felony conviction. We affirm.

## I. BACKGROUND

On May 14, 1997, a federal grand jury returned a two-count indictment, charging the defendant with being a felon in posses-

sion on or about April 22, 1997, of firearms and of ammunition in violation of 18 U.S.C. § 922(g)(1). The indictment stemmed from the seizure by federal agents of 111 firearms and approximately 24,217 rounds of ammunition from Sherwood's home in Charlestown, Rhode Island. As part of the search, agents also recovered documents relating to the ownership or acquisition of a total of 172 firearms.

Sherwood's prior criminal record reveals that, on March 28, 1984, he pled nolo contendere in state court to two counts of second degree child molestation. A third count, alleging assault with intent to commit first degree sexual assault against a minor, was dismissed by the court. He was sentenced on the first count to four years' probation, and on the second count to six years' imprisonment (four years of which was suspended), and to four years' probation. The defendant began acquiring weapons related to his § 922(g)(1) violation while on probation for this state law offense.

On June 30, 1997, the defendant entered a plea of guilty to both felon-in-possession charges, and subsequently, the district court sentenced him as a Level 25, Category III offender. The defendant's sentencing guideline level was based, in part, on the court's determination that his prior felony conviction was for a "crime of violence," which resulted in a four-level increase in the defendant's base offense level. *See* U.S.S.G. § 2K2.1(a)(3). Sherwood's criminal history score was increased by two points based on the court's finding that this offense was committed while the defendant was on probation, which moved Sherwood from a criminal history category of II to III. *See* U.S.S.G. § 4A1.1(d). Accordingly, the defendant was sentenced to seventy months of imprisonment and three years of supervised release to be served concurrently.

## II. DISCUSSION

■ We review the district court's interpretation of the Sentencing Guidelines *de novo*. *See United States v. Nicholas*, 133 F.3d 133, 134 (1st Cir.1998).

## A. Base Offense Level Determination

■ The district court found that Sherwood's prior felony conviction in state court was for a "crime of violence," and thus under U.S.S.G. § 2K2.1(a)(3), applied a base offense level of 22. The defendant challenges the district court's determination that second degree child molestation under Rhode Island law constitutes a "crime of violence." Section 4B1.2 of the Sentencing Guidelines defines a "crime of violence" as:

(a) ... any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) ... *otherwise involves conduct that presents a serious potential risk of physical injury to another.*

§ 4B1.2(a)(1) & (2) (emphasis added). The Rhode Island statute under which Sherwood was convicted, at the time he was charged, prohibited "sexual contact" with a person under 13 years of age.[1] *See* R.I. Gen. Laws § 11–37–4 (1956) (amended 1981). Finding that the offense defined in the state statute poses "a serious potential risk of physical injury," we hold that Sherwood's Rhode Island conviction was for a "crime of violence."[2]

■ "[T]he standard approach for determining whether a particular crime fits within the 'crime of violence' rubric is a general one, in which inquiry is restricted to the statutory definitions of the prior offenses, without regard to the particular facts underlying them." *United States v. Meader*, 118 F.3d 876, 882 (1st Cir.1997) (citing *Taylor v. United States*, 495 U.S. 575, 600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)). Thus, we engage in a categorical analysis of the statutory crime. *See Taylor v. United States*, 495 U.S. at 600–02, 110 S.Ct. 2143. Sexual contact with a person under 13 years of age, as defined in the Rhode Island statute, can encompass both violent and non-violent conduct. As such, the categorical approach allows us "to go beyond the fact of conviction ... [and] examine the indictment or information and jury instructions in order to discern which type of crime the offender was convicted of perpetrating." *United States v. Damon*, 127 F.3d 139, 145 (1st Cir.1997). However, since the information underlying Sherwood's conviction simply reiterates the elements of the statute and the defendant did not face a jury trial (and thus, we lack jury instructions), our inquiry remains limited to the statutory formulation of the prior offense.

■ In deciding whether the statutory crime constitutes a "crime of violence," we examine "the typical run of conduct," *Damon*, 127 F.3d at 145, for this sort of offense. While the chronological gap between a perpetrator and his victim is not obvious from the face of the statute, we do know from the statute that, in every instance, the victim is at most 12 years old. *Cf. Meader*, 118 F.3d at 884 (finding age of victim to be "crucial fact" and "relevant to the question of injury"). Moreover, we agree with the Fifth Circuit that child molestation crimes "typically occur in close quarters, and are generally perpetrated by an adult upon a victim who is not only smaller, weaker, and less experienced, but is also generally susceptible to acceding to the coercive power of adult authority figures." *United States v. Velázquez–Overa*, 100 F.3d 418, 422 (5th Cir. 1996) (analyzing Texas statute prohibiting indecency with a child by sexual contact).

Sherwood attempts to distinguish *Meader* from the instant case by pointing out that *Meader* involved prior convictions for statutory rape. *See* 118 F.3d at 880–81. Sherwood relies upon *United States v. Shannon*, 110 F.3d 382, 387 (7th Cir.1997) (en banc) *cert. denied*, —— U.S. ——, 118 S.Ct. 223, 139 L.Ed.2d 156 (1997), to argue that the logic

---

1. "Sexual contact," in turn, is defined as "the intentional touching of the victim's or accused's intimate parts, clothed or unclothed, if that intentional touching can be reasonably construed as intended by the accused to be for the purpose of sexual arousal, gratification, or assault." R.I. Gen. Laws § 11–37–1.

2. Our analysis focuses on the "otherwise" clause of U.S.S.G. § 4B1.2(a)(2). Thus, Sherwood's argument that second degree child molestation does not qualify as a "crime of violence" since force is not an element of the charged offense is beside the point.

which compels the conclusion that there is "a serious potential risk of physical injury" when there is sexual intercourse does not compel or even permit the same conclusion with respect to sexual touching. The Seventh Circuit, however, did not hold that sexual touching could not constitute a "crime of violence." *See Shannon,* 110 F.3d at 389. Rather, the contrasting views of the Seventh Circuit judges merely evidence the troubling and complex issues involved in determining what crimes constitute "crimes of violence" for federal sentencing purposes. *See Shannon,* 110 F.3d at 387–90.

Whatever the dividing line between sexual offenses that constitute crimes of violence and those that do not, we adopt our sister circuit's conclusion that "there is a significant likelihood that physical force may be used to perpetrate [this] crime," *Velázquez–Overa,* 100 F.3d at 422, and find that the Rhode Island statute at issue punishes a "crime of violence."[3] Thus, the district court did not err in its base offense level determination.

### B. Two–Point Addition to Criminal History Score

Sherwood argues that the district court erroneously added two points to his criminal history score because it found that the defendant was on probation at the time of the commission of the felon-in-possession-of-a-firearm offense. The sentencing guidelines require the court to "add two points if the defendant committed the instant offense while under any criminal justice sentence, including probation...." U.S.S.G. § 4A1.1(d). Sherwood does not dispute the government's allegation and the district court's finding that at least one of the firearms for which he was charged was acquired when he was on probation for his state felony conviction. The defendant avers, however, that since he pleaded guilty to possessing firearms on or about April 22, 1997, a time when he was, without question, not on proba-

tion, § 4A1.1(d) does not apply. In other words, Sherwood claims that his acquisition of weapons during his probation was not the basis of his indictment. Instead, when he pled guilty, Sherwood was admitting to a crime which took place after his earlier probation had terminated.

 The commentary to that section instructs that "[t]wo points are added if the defendant committed any part of the instant offense (*i.e., any relevant conduct*) while under ... probation." U.S.S.G. § 4A1.1(d) commentary at n. 4 (emphasis added). Relevant conduct includes "all acts ... that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2).[4] Sherwood's acquisition of firearms during his probationary period was part of the same course of conduct as the offense of conviction. Thus, his acquisition of the guns qualifies as relevant conduct under the sentencing guidelines. *Cf. Sanders,* 982 F.2d at 9–10 (finding prior possession of gun not listed in indictment to be relevant conduct). Accordingly, we uphold the district court's decision to add two points to Sherwood's criminal history score.

### III. CONCLUSION

For the foregoing reasons, we *affirm* the sentencing determination of the district court.

---

3. Indeed, Rhode Island has, since the time of the 1984 conviction, statutorily designated second degree child molestation as a "crime of violence." *See* R.I. Gen. Laws § 11–47–2(2).

4. This section applies "[s]olely with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts." U.S.S.G. § 1B1.3(a)(2). The felon-in-possession charge at issue requires such a grouping. *See United States v. Sanders,* 982 F.2d 4, 9 (1st Cir. 1992).