# United States Court of Appeals
## For the First Circuit

No. 00-1889

UNITED STATES OF AMERICA,

Plaintiff, Appellee,

v.

GEORGE SACKO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ernest C. Torres, U.S. District Judge]

Before

Torruella, Chief Judge,

Coffin, Senior Circuit Judge,

and Boudin, Circuit Judge.

Mark L. Stevens, was on brief, for appellant.
Donald C. Lockhart, Assistant U.S. Attorney, with whom Margaret
E. Curran, United States Attorney, and James H. Leavey, Assistant U.S.
Attorney, were on brief, for appellee.

April 26, 2001

**TORRUELLA, Chief Judge.** Appellant George Sacko pled guilty in 1997 to possession of firearms and silencer by a convicted felon, in violation of 18 U.S.C. § 922(g) and 26 U.S.C. § 5861(d). His sentence was enhanced pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based in part on a prior conviction for statutory rape.[1] Sacko appealed, and this Court remanded so that the district court "could take evidence on the issue whether the crime of sexual penetration of a fourteen-year-old by someone over the age of eighteen involves conduct presenting a serious potential risk of physical injury to the former." United States v. Sacko, 178 F.3d 1, 6 (1st Cir. 1999) [hereinafter Sacko I]. The district court, after taking such evidence, concluded that "Sacko's sexual penetration of a 14-year-old girl in violation of R.I. Gen. Laws § 11-37-6 was a 'violent felony' under ACCA and that Sacko properly was sentenced as an 'armed career criminal.'" Sacko II, 103 F. Supp. 2d at 91. This renewed appeal followed.

---

[1] Sacko had been previously convicted in Rhode Island of "carnal knowledge of a girl under the age of consent." Both parties agreed that the offense in question was now covered by R.I. Gen. Laws § 11-37-6, which criminalizes "third degree sexual assault." United States v. Sacko, 103 F. Supp. 2d 85, 87 n.1 (D.R.I. 2000) [hereinafter Sacko II]. The statute in question provides that "[a] 'person' is guilty of third degree sexual assault if he or she is over the age of eighteen years and is engaged in sexual penetration with another person over the age of fourteen years and under the age of consent, sixteen years." Id. at 87 (citing § 11-37-6).

**BACKGROUND AND PROCEDURAL HISTORY**

In Sacko I, we began by summarizing the "formal categorical approach"[2] used to determine whether predicate offenses qualify as "violent felonies" under 18 U.S.C. § 924(e)(2)(B).[3] 178 F.3d at 2-4. We noted that when the relevant criminal statute encompasses both violent felonies and non-violent felonies, a sentencing court may go beyond the statutory language and evaluate charging documents or jury instructions. Id. at 3. Because statutory rape is one such offense, we explained that it was permissible for the district court to examine the indictment to determine the ages of the defendant and the victim. Id. at 4-5. We held that the district court had erred, however, in addressing the facts and circumstances of the predicate offense, as gleaned from the pre-sentence report. Id. at 4.

We then evaluated whether, based on the statutory language of the predicate offense and the limited information of the indictment, we could conclude that Sacko's conviction was for a "violent felony."

---

[2] The "formal categorical approach" allows a sentencing court to examine only the statute of conviction, rather than the underlying facts and circumstances of the predicate offense. Sacko I, 178 F.3d at 3 (citing Taylor v. United States, 495 U.S. 575, 597-602 (1990)).

[3] Section 924(e)(2)(B) defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." We are only concerned here with the scope of the "otherwise" clause in § 924(e)(2)(B)(ii). Sacko I, 178 F.3d at 4.

This Court has held that the conviction of a thirty-six-year-old man for statutory rape of a girl under the age of fourteen did so qualify, based on the age of the girl, the large chronological gap between the victim and the defendant, and medical literature evaluating the physical injuries that may result from sexual intercourse under such circumstances. United States v. Meader, 118 F.3d 876, 884 (1st Cir. 1997). The Seventh Circuit has held that sexual intercourse between a seventeen-year-old boy and thirteen-year-old girl is a crime of violence. See United States v. Shannon, 110 F.3d 382, 387-88 (7th Cir. 1998) (en banc). However, the Seventh Circuit has indicated that some statutory rapes are not crimes of violence. United States v. Thomas, 159 F.3d 296, 299 (7th Cir. 1998) (not extending Shannon to a statute prohibiting sex with a girl under the age of seventeen where the age of the victim was not specified in the charging document).

Relying on Meader, Shannon, and Thomas, we were "unprepared to say a priori that sex is not physically dangerous for a 14-year-old girl." Sacko I, 178 F.3d at 6. But we also lacked any legal basis for the opposite conclusion, as no studies or medical journals had been entered into the record. Id. Thus we remanded, noting that, upon remand, the district court could "find the risks of physical injury during penetration to be sufficient to meet the requisite 'serious potential risk of physical injury.'" Id. (quoting § 924(e)(2)(B)(ii)). If such risks proved insufficient, we suggested that the district court

-5-

should determine, in the first instance, whether the risk of physical injury referred to in the statute must be confined to the act of intercourse or could include possible consequences of that act, such as pregnancy or disease.  Id.; compare Shannon, 110 F.3d at 387-88 (including such secondary consequences in the injury calculus),with id. at 390 (Manion, J., concurring) (confining risk of physical injury to that directly accruing from the act of intercourse).

On remand, the district court conducted an evidentiary hearing.  It found that until an adolescent girl has reached Tanner Stage 4,[4] she "may or may not experience physical injury from the act of intercourse." Sacko II, 103 F. Supp. 2d at 88.  It also found that 12-33% of fourteen-year-old girls had not reached Tanner Stage 4.  Id. Based on these two facts, the district court concluded that, "given the magnitude of immediate tissue injury and the likelihood that it will occur . . . the unadorned crime of third degree sexual assault involving penetration of a 14 year-old-girl by a man over the age of 18 'presents a serious risk of physical injury' to the girl." Id. at 91.

The district court also held that a statutory rapist is accountable under § 924(e)(2)(B) for "the consequences of future diseases attributable to penetration." Id. (citing United States v.

---

[4]  "[Under the] Tanner system for measuring physical development, a female passes through five steps in progressing from a pre-pubertal child to a fully developed adult woman.  The stages are marked by changes in breast and genital development." Sacko II, 103 F. Supp. 2d at 88.

<u>Marler</u>, 756 F.2d 206, 216 (1st Cir. 1985), for the "fundamental principle of criminal law" that "a person is held responsible for all consequences proximately caused by his criminal conduct"). Given that the court had found that sexually active adolescent girls face an increased risk (compared to mature women) of contracting chlamydia, genital tract infections, AIDS, and cervical cancer, <u>id.</u> at 88-89, the court concluded that "the consequences [of future disease attributable to statutory rape] are so severe that the risk of their occurrence presents an additional 'serious potential risk of physical injury,'" <u>id.</u> at 91.[5]

## DISCUSSION

For the most part, Sacko makes no challenge to the factual findings of the district court, which we review for clear error, or to the district court's legal conclusions, which we review de novo. <u>New England Cleaning Servs., Inc.</u> v. <u>Services Employees Int'l Union, Local 254, AFL-CIO</u>, 199 F.3d 537, 539 (1st Cir. 1999). It is well-settled that arguments not raised in an appellant's initial brief are waived. <u>Puerto Rico Tel. Co.</u> v. <u>Telecomm. Regulatory Bd. of P.R.</u>, 189 F.3d 1, 17 n.14 (1st Cir. 1999).

---

[5] Our decision does not require us to determine whether it the district court was correct in considering these secondary consequences of statutory rape in its calculus of the potential risk of physical injury.

Appellant does suggest two ways in which the district court erred. First, he notes that Rhode Island does not include third degree sexual assault in its list of violent crimes. R.I. Gen. Laws § 11-47-2(2). Although he had every incentive to do so, Sacko failed to present this argument in his first appeal. He cannot raise it here for the first time.

> A defendant should not be held to have waived an issue if he did not have a reason to raise it at his original sentencing; but neither should a defendant be able to raise an issue for the first time upon resentencing if he did have reason but failed nonetheless to raise it in the earlier proceeding. Under our approach a defendant may argue at resentencing that the court of appeals' decision has breathed life into a previously dormant issue, but he may not revive in the second round an issue he allowed to die in the first.

United States v. Tichiarelli, 171 F.3d 24, 32 (1st Cir. 1999). Sacko has not suggested that our remand "breathed life" into the relevance of Rhode Island's categorization of third degree sexual assault; it has therefore been waived in this second appeal.

At any rate, this Court has never held that the analysis of what constitutes a "violent felony" for purposes of the ACCA turns on state law. Cf. United States v. DiPina, 230 F.3d 477, 484 (1st Cir. 2000) (delinquency may be considered conviction under federal law, even though it is not a conviction under state law); United States v. Cuevas, 75 F.3d 778, 780 ( nolo contendere plea considered conviction

under federal law, even though it is not one under state law).[6] Because a state's classification of a crime generally reflects different policy considerations than the federal classification, it is simply not relevant to the determination of whether a crime is a "violent felony," which, under federal law, is based on an assessment of the risk of physical injury associated with the typical conduct underlying that crime.

Second, appellant argues that the district court failed to determine what percentage of fourteen- and fifteen-year-old girls would not face an enhanced risk of serious physical injury from intercourse with a person over the age of eighteen. We first note that for purposes of this case, only the percentage of fourteen-year-old girls who would face such a risk is relevant. See Sacko I, 178 F.3d at 4-6 (determining age of victim from the indictment, and explaining the relevance of that modified age for the categorical test). The district court determined that 12-33% of fourteen-year-old girls had not reached Tanner Stage 4, and that girls who had not reached Stage 4 faced either a virtual certainty of physical damage or injury from intercourse (if at Stage 1 or 2), or at least a real possibility of injury (if at Stage

---

[6] In United States v. Sherwood, 156 F.3d 219, 222 n.3 (1st Cir. 1998), our discussion of whether a particular felony was a "crime of violence" noted that the state had designated it as such. However, our analysis in Sherwood was wholly predicated on federal law, rather than the state classification. Id. at 221-22.

3).  Sacko II, 103 F. Supp. 2d at 88.  In our view, these findings, which are supported by the evidence, meet the required legal standard.

In a personal letter to this Court, which we have chosen to treat as a supplemental brief, appellant makes two additional claims. First, he argues that the district court's refusal to allow his expert to testify was prejudicial.  This claim is without merit.  Sacko's counsel presented a written statement from the expert, which the Government accepted without objection or a request for cross-examination.  Under such circumstances, the decision not to solicit in-court testimony from the expert was well within the discretion of the district court.  United States v. Rodríguez, 162 F.3d 135, 149-50 (1st Cir. 1998).  Second, appellant argues that the court's refusal to allow him to appear pro se was prejudicial.  It is not clear that Sacko's request to appear pro se was actually denied; the district court offered him "a chance to speak" on the specific issue before the court (whether statutory rape is a crime of violence), but indicated that his attorney would also be asked to respond because Sacko appeared incapable of addressing the issue.  Moreover, Sacko's statements at the hearing devolved into groundless attacks on his attorney.  The district court exercised appropriate discretion on the matter.  United States v. Proctor, 166 F.3d 396, 401-02 (1st Cir. 1999).

For the reasons herein, we **affirm**.