**UNITED STATES of America,**
Appellee,

v.

**Arnold RICHARDS, III, Defendant,**
Appellant.

No. 05–2396.

United States Court of Appeals,
First Circuit.

Submitted May 19, 2006.

Decided Aug. 7, 2006.

Karen A. Pickett and Donnelly, Conroy & Gehlhaar, LLP on brief for appellant.

Paula D. Silsby, United States Attorney, and Margaret D. McGaughey, Assistant United States Attorney (Appellate Chief), on brief for appellee.

Before BOUDIN, Chief Judge,
COFFIN, Senior Circuit Judge, and
SELYA, Circuit Judge.

SELYA, Circuit Judge.

Defendant-appellant Arnold Richards, III appeals from a 15–year incarcerative sentence imposed under the Armed Career Criminal Act (ACCA), which dictates that a person convicted of being a felon in possession of a firearm is subject to a 15–year mandatory minimum sentence if he "has three previous convictions ... for a violent felony." 18 U.S.C. § 924(e)(1). Concluding, as we do, that his assignments of error lack merit, we affirm.

The facts are straightforward. On March 3, 2005, a federal grand jury sitting in the District of Maine returned a two-count indictment against the appellant. One count charged that he, though a convicted felon, had possessed a firearm, in violation of 18 U.S.C. § 922(g)(1). The other charged that he had sold or disposed of a firearm to a person he had reason to believe was a convicted felon, in violation of 18 U.S.C. § 922(d)(1).

In due season, the appellant signed a plea agreement and pleaded guilty to the felon-in-possession count. After the district court accepted the plea, a presentence investigation report (the PSI Report) was prepared.

The PSI Report documented the appellant's prior criminal history, including four felony convictions under Maine law: a robbery conviction (1980), two convictions for unlawful sexual contact (1993), and a conviction for threatening with a dangerous weapon (1993). Concluding that each of these four convictions subsumed a violent felony, the probation officer recommended that the appellant be sentenced as an armed career criminal—a classification that promised to trigger a 15–year mandatory minimum sentence. *See id.* Absent that classification, the appellant's total offense level and prior criminal history would have placed him in a considerably lower guideline sentencing range and, therefore, probably would have yielded a lesser sentence.

The district court convened the disposition hearing on April 29, 2005. The appellant argued that his prior convictions had not been properly charged or proven and that, therefore, the Constitution foreclosed any lengthening of his sentence based on those convictions. In the alternative, he contended that only the robbery and criminal threatening offenses qualified as violent felonies (and, thus, as predicate offenses under the ACCA). That contention, if accurate, would have removed the ACCA (which requires a minimum of three prior violent felony convictions) from the sentencing equation.

The district court rejected this asseverational array and imposed the 15–year mandatory minimum sentence called for by the ACCA. In line with the plea agreement, the court dismissed the remaining count of the indictment. This timely appeal followed.

In this venue, the appellant repeats the same claims of error. First, he asserts that boosting his sentence under the ACCA is unconstitutional because the facts triggering the application of that statute were neither charged in the indictment nor adequately proven. Second, he maintains that, in all events, the district court erred in imposing sentence under the ACCA be-

cause his convictions for unlawful sexual contact do not qualify as ACCA predicates (i.e., as convictions for violent felonies). We address each of these contentions in turn.

■ The appellant's first claim is that the Fifth and Sixth Amendments precluded the district court from classifying him as an armed career criminal because (i) the indictment did not charge him as an armed career criminal and (ii) he did not admit—nor did a jury find—that his prior crimes qualified as predicate offenses under the ACCA. This argument is hopeless: the Supreme Court's decision in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), fairly construed, established that a sentencing enhancement may be grounded on prior criminal convictions neither separately charged nor proven to a jury. *Id.* at 226–27, 118 S.Ct. 1219.

The appellant's assertion that subsequent pronouncements of various Justices of the Supreme Court have sapped the strength from this rule is unavailing. None of the opinions to which he adverts has overruled *Almendarez–Torres,* and this court normally is bound by a Supreme Court precedent unless and until the Court itself disavows that precedent. *See United States v. Mastera*, 435 F.3d 56, 59 n. 1 (1st Cir.2006); *United States v. Gomez–Estrada*, 273 F.3d 400, 401 (1st Cir.2001). For that reason, we recently have rejected a parade of similarly sculpted challenges to the continuing vitality of *Almendarez–Torres. See, e.g., United States v. McKenney,* 450 F.3d 39, 45–46 (1st Cir.2006); *United States v. Jiménez–Beltre,* 440 F.3d 514, 520 (1st Cir.2006) (en banc); *United States v. Ivery,* 427 F.3d 69, 74–75 (1st Cir.2005). We reiterate those holdings today.

The appellant's second plaint is that the lower court erred in classifying his two 1993 convictions for unlawful sexual contact as convictions for violent felonies. Because this plaint calls into question a legal conclusion, appellate review is de novo. *See Mastera,* 435 F.3d at 59; *United States v. Moore,* 286 F.3d 47, 49 (1st Cir. 2002).

As said, the ACCA applies to any person convicted of being a felon in possession of a firearm who has a minimum of three prior convictions for violent felonies.[1] *See* 18 U.S.C. § 924(e)(1). The appellant acknowledges that his robbery and criminal threatening convictions qualify as convictions for violent felonies. Consequently, we must uphold his sentence as long as either of his convictions for unlawful sexual contact subsumes an ACCA predicate.

The ACCA defines the term "violent felony" as:

[A]ny crime punishable by imprisonment for a term exceeding one year ... that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

*Id.* § 924(e)(2)(B). Here, we train the lens of our inquiry on whether the appellant's unlawful sexual contact offenses constitute crimes that pose a serious potential risk of physical injury to another.

In determining whether a putative predicate offense constitutes a violent felony

---

1. The statute also counts "serious drug offense[s]" as predicate offenses. 18 U.S.C. § 924(e)(1). As the appellant had no drug-related convictions, we do not pursue this point.

under the ACCA, we employ a categorical approach. *See Taylor v. United States,* 495 U.S. 575, 600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990); *Moore,* 286 F.3d at 49. That approach consists of two steps. *See Taylor,* 495 U.S. at 600–02, 110 S.Ct. 2143. If a violation of the statute underlying the prior conviction necessarily involves every element of a violent felony, the mere fact of conviction establishes that the putative predicate offense was a violent felony. *Id.* at 602, 110 S.Ct. 2143. If, however, the underlying statute spans, but is broader than, the definition of "violent felony" (i.e., if it criminalizes some conduct that would constitute a violent felony and some conduct that would not), the putative predicate offense qualifies as a violent felony only if the particular conviction actually embodied every element of a violent felony. *See id.* Put another way, the jury must have been required to find (or, in a guilty plea context, the defendant necessarily must have admitted) all the elements of a violent felony. At this second step of the *Taylor* analysis, an inquiring court must restrict its probing to the record of conviction. Typically, that will include only the charging document, jury instructions, and verdict form (or, in the guilty plea context, the written plea agreement and transcript of the change-of-plea colloquy). *See Shepard v. United States,* 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).

■ Against this backdrop, we turn to the terms of the Maine statute under which the appellant was convicted. As it read in 1993, that statute criminalized the intentional subjection of another person, not the actor's spouse, to "any sexual con-

tact" if "[t]he other person . . . ha[d] not in fact attained the age of 14 years and the actor [was] at least 3 years older." Me. Rev.Stat. Ann. tit. 17–A, § 255(1)© (1992). At that time, the statute defined "sexual contact" to include "any touching of the genitals or anus, directly or through clothing, other than as would constitute a sexual act, for the purpose of arousing or gratifying sexual desire or for the purpose of causing bodily injury or offensive physical contact." *Id.* § 251(1)(D) (1992).

The appellant argues that because this statute criminalizes mere touching, among other things, his violations thereof cannot be characterized at step one of the *Taylor* two-step as crimes posing a serious potential risk of physical injury. The government's most forceful rejoinder is that this court's rationale in *United States v. Sherwood,* 156 F.3d 219 (1st Cir.1998), leaves no doubt but that violations of the Maine statute categorically qualify as violent felonies for purposes of the ACCA. We think that the government has the better of the argument.

*Sherwood* addressed the question of whether a violation of a Rhode Island child-molestation statute should be deemed a crime that posed a serious potential risk of physical injury to another.[2] *Id.* at 221. That statute criminalized sexual contact with any person under the age of 13, *see* R.I. Gen. Laws § 11–37–4(A) (1981), and defined "sexual contact" as "the intentional touching of a victim's or accused's intimate parts, clothed or unclothed, if that intentional touching can be reasonably construed as intended by the accused to be for the purpose of sexual arousal, gratification,

---

**2.** At issue in *Sherwood* was whether the earlier offense qualified as a crime of violence under the federal sentencing guidelines. *See* USSG § 4B1.2(a). We have indicated, however, that the definitions of "crime of violence" and "violent felony" are mirror images

of each other and that, therefore, cases construing one such term should be considered instructive with respect to the scope of the other. *See United States v. Meader,* 118 F.3d 876, 882 n. 8 (1st Cir.1997); *United States v. Winter,* 22 F.3d 15, 18 n. 3 (1st Cir.1994).

or assault," *id.* § 11–37–1 (1981). Relying on the youthful age of the victim and the fact that child-molestation crimes typically occur in close quarters and involve a coercive adult and a smaller, weaker, and less experienced minor, we held that, categorically, a violation of this statute posed a serious potential risk of physical injury. *Sherwood,* 156 F.3d at 221–22. In so holding, we explicitly rejected the contention that a sexual offense involving mere touching did not present such a risk. *See id.*

The very same considerations inform our conclusion that the appellant's unlawful sexual contact offenses posed a serious potential risk of physical injury to another. The Rhode Island statute at issue in *Sherwood* covered children under the age of 13. *See* R.I. Gen. Laws § 11–37–4(A) (1981). The Maine statute at issue here covered children age 13 or younger. *See* Me.Rev. Stat. Ann. tit. 17–A, § 255(1)©) (1992). We see no plausible reason why that one-year difference should serve to remove this case from *Sherwood's* precedential orbit—and the appellant has failed to explain how, if at all, the fact that his victims may have been a year older than the victim in *Sherwood* eliminates (or even palliates) the serious potential risk of physical injury inherent in this type of situation.

Moreover, the fact that the Maine statute, unlike the Rhode Island statute at issue in *Sherwood,* requires a minimum spread between the age of the perpetrator and the age of the victim more than compensates for the one-year difference in the chronological ceiling. That mandatory age gap heightens the dangers inherent in the conduct and, thus, reinforces the conclusion that a violation of the Maine statute

entails a serious potential risk of physical injury to another. *Cf. United States v. Sacko,* 247 F.3d 21, 23–25 (1st Cir.2001) (*Sacko II* ) (relying in part on the chronological gap between perpetrator and victim to conclude that a conviction for statutory rape subsumed a violent felony); *United States v. Meader,* 118 F.3d 876, 883–84 (1st Cir.1997) (similar).

To say more would be to paint the lily. We embrace the rationale of *Sherwood,* apply that rationale here, and conclude that, at step one of the *Taylor* analysis, unlawful sexual contact offenses under the Maine statute are offenses that pose a serious potential risk of physical injury. Consequently, the two challenged convictions constitute convictions for violent felonies within the purview of the ACCA.[3] *See United States v. Munro,* 394 F.3d 865, 870 (10th Cir.2005) (noting, in a related context, that sexual crimes against young victims categorically qualify as crimes of violence because "there is always a substantial risk that physical force will be used to ensure [a] child's compliance with an adult's sexual demands") (citation and internal quotation marks omitted)).

In an effort to blunt the force of this reasoning, the appellant asserts that *Sherwood's* holding is inconsistent with our later decision in *United States v. Sacko,* 178 F.3d 1 (1st Cir.1999) (*Sacko I* ). As we explain below, no such inconsistency exists.

*Sacko I* presented, as a matter of first impression, the question of whether a conviction under a Rhode Island statutory rape law subsumed a violent felony. *See id.* at 2. The statute underlying the defendant's conviction prohibited a person older

---

**3.** Although we decide this point at step one of the *Taylor* analysis, we note that the record of conviction referable to these offenses (specifically, the indictment and judgment) discloses that, at the time of the incidents, the appellant was 32 years of age. This means, of course,

that he was at least 19 years older than each of his victims. An age gap of this magnitude underscores the potential risk of physical injury inherent in the offenses. *See Sacko II,* 247 F.3d at 23–25; *Meader,* 118 F.3d at 884.

than 18 from engaging in sexual intercourse with a person older than 14 but younger than 16 (the age of consent). *See* R.I. Gen. Laws § 11–37–6 (1989). The panel found itself unable to determine, based on the sparse record, whether a violation of this statute involving a 21–year–old perpetrator and a 14–year–old victim qualified as a violent felony.[4] *Sacko I,* 178 F.3d at 4–6. The appellant emphasizes this discussion, arguing that it indicates that such offenses, categorically speaking, are not violent felonies.

But subsequent proceedings in the *Sacko* case brought greater clarity to the question. On remand, the district court concluded, based in large measure on newly proffered medical evidence, that sexual intercourse between a 14–year–old female and a male over the age of 18 *always* poses a serious potential risk of physical injury to the female. *Sacko II,* 247 F.3d at 23–24. We upheld this conclusion and ruled that, a fortiori, a statutory rape offense involving a 14–year–old female victim and a male perpetrator over the age of 18 categorically qualifies as a violent felony under the ACCA. *See id.* at 24–25. The net result is that the two *Sacko* decisions, read together, are completely consistent with *Sherwood* and with the conclusion that we reach today.

We need go no further. For the reasons elucidated above, the district court did not err in sentencing the appellant as an armed career criminal.

*Affirmed.*

---

4. This inability was due in part to the panel's uncertainty as to how to treat the notion, advanced by one of our sister circuits, that statutory rapes involving victims above a certain age may not automatically qualify as offenses that pose a serious potential risk of physical injury. *See Sacko I,* 178 F.3d at 5–6 (discussing *United States v. Thomas,* 159 F.3d 296, 299–300 (7th Cir.1998), and *United States v. Shannon,* 110 F.3d 382, 385–86 (7th Cir.1997) (en banc)).