# United States Court of Appeals

## For the First Circuit

No. 05-2624

UNITED STATES OF AMERICA,

Appellee,

v.

GARY C. PRATT,

Defendant, Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge]

Before

Boudin, Chief Judge,
Lipez, Circuit Judge,
and Shadur,* Senior District Judge.

Judith H. Mizner, Assistant Federal Public Defender, for appellant.
Terry L. Ollila, with whom Thomas P. Colantuono, United States Attorney, and Aixa Maldonado-Quiñones, Assistant United States Attorney, were on brief, for appellee.

August 8, 2007

---

\*     Of the Northern District of Illinois, sitting by designation.

**LIPEZ, Circuit Judge**.  Gary Pratt appeals his conviction for being a felon in possession of a handgun under 18 U.S.C. § 922(g)(1) and contests an enhanced sentence imposed under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  He argues that his conviction was not supported by sufficient evidence because the government failed to introduce into evidence a stipulation as to two elements of his offense.  He also contends that he did not qualify for an enhanced sentence under the ACCA because he had not been convicted of three violent felonies.  We affirm the conviction and sentence.

## I.

We state the facts "as the jury could have found them, drawing all inferences in the light most consistent with the jury verdict." United States v. Milkiewicz, 470 F.3d 390, 392 (1st Cir. 2006).  Immediately following his release from prison, Pratt lived on and off with Melody Isham-Pilotte, who purchased a .357 caliber Glock semiautomatic pistol at his instruction and filled out the paperwork as the purchaser.  Pratt then kept the gun with him and used it on several occasions to fire at signs and beer cans.  At one point, after crashing Isham-Pilotte's car and leaving the scene of the accident, he called to tell her that he had left the gun in the trunk of the car.  Isham-Pilotte was able to retrieve the gun.

Eventually, Pratt was arrested for failure to appear in court on an unrelated matter, and, after an investigation uncovered

the events described above, he was charged with being a felon in possession of a firearm. His indictment stated that the government intended to seek a sentencing enhancement under the ACCA, which provides a fifteen-year mandatory minimum term for a defendant with three prior violent felonies or serious drug offenses.

Before trial, the parties filed a stipulation agreeing that the handgun had been transported in interstate or foreign commerce. The stipulation also identified five previous crimes for which Pratt had been convicted. With respect to those crimes, the stipulation stated that "the jury should be instructed by the Court that 'the defendant agrees he was previously convicted of a crime punishable by imprisonment for a term exceeding one year' without further elaboration or explanation." See infra Section II.A.

At trial, the prosecution told the jury in its opening statement that the gun in question had traveled in interstate commerce and that Pratt previously had been convicted of a crime punishable by imprisonment for more than one year. However, the stipulation providing the evidentiary support for this statement was never presented to the jury as evidence prior to the close of evidence, and the prosecution did not introduce other evidence that the gun had traveled in interstate commerce or that Pratt was a convicted felon.

After the close of evidence, the court issued its instructions to the jury. It first provided a general instruction on stipulations:

> During the course of trial, you were told that the government and the defendant agreed or stipulated to certain facts. This simply means that both sides accept those facts to be true. Because there is no disagreement regarding those facts, there was no need for either side to introduce evidence relating to them. You may accept as true those facts to which the government and the defendant have stipulated.

With respect to the charged offense, the court instructed the jury that, under 18 U.S.C. § 922(g)(1), the government must prove that: (1) the defendant had been convicted of a felony (which it defined as a "crime punishable by imprisonment for a term exceeding one year"); (2) the defendant possessed a firearm; and (3) the firearm had traveled in interstate commerce. It then explained that Pratt

> has stipulated or agreed that . . . he was convicted of an offense punishable by imprisonment for a term exceeding one year. Because there is no disagreement regarding that fact, there was no need for the government to introduce any evidence relating to it. As I mentioned earlier, you may accept as true the facts to which the government and the defendant have stipulated or agreed.

The court also stated that Pratt

> has stipulated that the Glock semi-automatic pistol at issue in this case traveled across the state boundary line at some time after its manufacture. Because the parties do not disagree as to that fact, there was no need for the government to introduce any evidence relating to it and you may accept as true the

-4-

fact that the Glock semi-automatic pistol traveled in or affected interstate commerce.

Pratt did not object to these instructions. The jury returned a guilty verdict.

During his sentencing hearing, Pratt objected that he did not qualify for an enhanced sentence under the ACCA because his prior offenses did not include three violent felonies. The court rejected his objections and imposed the statutory minimum sentence of fifteen years. This appeal ensued.

## II.

## A. Stipulation to Essential Elements

To establish a violation of 18 U.S.C. § 922(g)(1), the government must prove three elements beyond a reasonable doubt: (1) the defendant possessed a firearm; (2) the firearm had traveled in interstate commerce; and (3) the defendant had been convicted of a felony prior to his possession of the firearm. Although Pratt did not claim at trial that his stipulation relating to the interstate commerce element and the prior conviction element was not introduced into evidence, he now challenges the sufficiency of the evidence to support his conviction on those elements. We review an unpreserved challenge to the sufficiency of the evidence only for plain error, United States v. Peña-Lora, 225 F.3d 17, 26 (1st Cir. 2000), and will reverse only if the conviction would result in a "clear and gross injustice," United States v. Bello-Perez, 977 F.2d 664, 668 (1st Cir. 1992).

Technically, the court erred by first presenting the subject matter of the stipulation to the jury in its jury instructions, after the close of evidence. Ordinarily, unless there is a contrary agreement between the parties, district courts should ensure that a stipulation, or the content thereof, is presented to the jurors prior to the close of evidence. This presentation may take various forms: the stipulation itself could be entered into evidence, the court could read the stipulation into evidence, or the parties could agree that one of them will publish the stipulation to the jury. The presentation will often include an explanation by the court that the stipulation means that the government and the defendant accept the truth of a particular proposition of fact, and, hence, there is no need for evidence apart from the stipulation itself.

The concurrence suggests that "no settled rule exists as to how the jury is to be informed of a stipulation."[1] We do not disagree. In fact, we have suggested a variety of ways in which a

_____

[1] The concurrence also states that there is no recurring problem relating to the handling of stipulations. However, disputes regarding the handling of stipulations have arisen with some frequency in the appellate courts. See, e.g., United States v. Harrison, 204 F.3d 236, 238-43 (D.C. Cir. 2000); United States v. Meade, 175 F.3d 215, 222-24 (1st Cir. 1999); United States v. Hardin, 139 F.3d 813, 814-17 (11th Cir. 1998); United States v. Melina, 101 F.3d 567, 572-73 (8th Cir. 1996); United States v. Muse, 83 F.3d 672, 677-81 (4th Cir. 1996); United States v. Branch, 46 F.3d 440, 441-42 (5th Cir. 1995); United States v. James, 987 F.2d 648, 648-52 (9th Cir. 1993); United States v. Clark, 993 F.2d 402, 405-06 (4th Cir. 1993).

jury could be informed of the content of a stipulation. However, in our view, there is a settled rule that the content of a stipulation must be published to the jury prior to the close of evidence. That settled rule is confirmed by a review of the pattern jury instructions from the circuits. For example, the Pattern Criminal Jury Instructions for the District Courts of the First Circuit state, with respect to stipulations:

> The evidence in this case includes facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 2.01 (1998), available at http://www.med.uscourts.gov/practices/crpji.97nov.pdf (last visited July 19, 2007)(emphasis added).[2] Other circuits similarly acknowledge the evidentiary nature of stipulations. See e.g., Pattern Criminal Jury Instructions for the Sixth Circuit § 1.04 (2007) http://www.ca6.uscourts.gov/internet/crim_jury_insts/pdf/crmpattjur_full.pdf (last visited July 29, 2007)("The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that

---

[2] As we have previously noted, the Pattern Criminal Jury Instructions are not mandatory in the First Circuit. See United States v. Sabetta, 373 F.3d 75, 82 n.2 (1st Cir. 2004).

-7-

the lawyers agreed to; and the facts that I have judicially noticed."); <u>Pattern Criminal Jury Instructions for the Tenth Circuit</u> § 1.01 (2005), <u>available at</u> http://www.ck10.uscourts.gov/downloads/pji10-cir-crim.pdf (last visited July 29, 2007)("Evidence will be presented from which you will have to determine the facts. The evidence will consist of the testimony of the witnesses, documents and other things received into the record as exhibits, and any facts about which the lawyers agree or to which they stipulate."); <u>Pattern Criminal Jury Instructions for the Seventh Circuit</u> § 1.02 (1998), <u>available at</u> http://www.ca7.uscourts.gov/pjury.pdf (last visited July 29, 2007) ("The evidence consists of the testimony of the witnesses, the exhibits entered in evidence, and stipulations."). The Fourth Circuit, in <u>United States</u> v. <u>Muse</u>, 83 F.3d 672, 678 (4th Cir. 1996), reinforced the assumption of these instructions with its statement that "a defendant waives the requirement that the government produce evidence (other than the stipulation itself) to establish the facts stipulated to beyond a reasonable doubt." (Emphasis added.)[3]

---

[3] Muse is not entirely on point because the stipulation to two essential elements of the charged offense was read to the jury, and the issue was whether the jury instructions properly conveyed the evidentiary force of the stipulation. Muse, 83 F.3d at 678. However, the case does reflect the prevalent understanding that a stipulation should be introduced into evidence.

-8-

The handling of Pratt's stipulation did not comply with the standard practice surrounding stipulations that we have described above,[4] and the language of the stipulation offers no indication that the parties intended to depart from this standard practice. In full, the stipulation reads as follows:

> The United States and the defendant stipulate to the following facts, which the parties agree can be proved beyond a reasonable doubt:
>
> 1. That the .375 caliber Glock Semiautomatic Pistol Serial # EWU023US, which was manufactured in Austria, had been transported in interstate or foreign commerce, and that it is a "firearm" for purposes of 18 U.S.C. § 921(a)(3).
>
> 2. That Mr. Pratt was convicted of the following crimes:
>
> A. On September 12, 1986, the defendant was convicted in Hillsborough County Superior Court of Armed Robbery [under N.H. Rev. Stat. Ann. § 636:1].
>
> B. On January 9, 1995, the defendant was convicted in Hillsborough Superior Court of Accomplice to Armed Robbery [under N.H. Rev. Stat. Ann. §§ 629:1, 636:1].

---

[4] To the extent that some of the other circuits have held that, by stipulating, a defendant waives his right to have the government enter the content of the stipulation into evidence, they are at odds with the prevalent understanding of how a stipulation should be handled. See Hardin, 139 F.3d at 816 ("Hardin waived his right to have the government produce evidence of his felon status, including the stipulation itself."); Harrison, 204 F.3d at 242; ("[T]here is little to be gained from holding that a stipulation, which unarguably waives a defendant's right to require the government to produce any evidence regarding that stipulation, nevertheless fails to waive the defendant's right to require that stipulation to be read to the jury.").

C. On 21, 1988, the defendant was convicted in Merrimack County Superior Court of Assault by a Prisoner [under N.H. Rev. Stat. Ann. § 642:9].

D. On June 15, 1990, the defendant was convicted in Carroll County Superior Court of Burglary [under N.H. Rev. Stat. Ann. § 635:1].

E. On April 5, 1990, the defendant was convicted in Hillsborough County Superior Court of Escape [under N.H. Rev. Stat. Ann. § 642:6].

which are all crimes punishable by imprisonment for a term exceeding one year.

The parties further stipulate that the jury should be instructed by the Court that "the defendant agrees he was previously convicted of a crime punishable by imprisonment for a term exceeding one year" without further elaboration or explanation.

This text indicates that the parties contemplated that the judge would read the appropriate portions of the stipulation to the jury at a mutually agreeable time.[5]

---

[5] The brief conversation regarding the stipulation between the prosecutor and the court, which took place prior to the swearing in of the jury, supports this understanding:

Prosecutor: Judge, the United States would like to file a stipulation between the parties as to certain elements of the crime. It's been executed by the defendant, his counsel, and the United States.

The Court: All right, at the appropriate time do you expect me to read it or would you like to read it . . . it's up to you . . . .

Prosecutor: There's references to the conviction, judge. The very last part of the stipulation is the agreement as to what you should read to them. I don't think it's necessary to read it to them at this point in the case.

Given the agreement that the jury should be told that Pratt had a prior felony conviction "without further elaboration or explanation," the parties did not intend for the stipulation itself to be introduced into evidence. Indeed, part of the motivation for the stipulation on the part of the defense was to prevent detailed evidence of Pratt's criminal history from coming before the jury. Thus, the stipulation reveals an understanding that the judge would present the material regarding the interstate commerce element and the prior conviction element to the jury as evidence on those elements, with the further understanding, as the stipulation states, that the facts set forth in the stipulation "can be proved beyond a reasonable doubt." We do not interpret the statement that "the jury should be instructed" regarding the prior convictions to mean that the parties agreed that this information should have been conveyed during the jury instructions, after the close of evidence, contrary to the usual practice. Instead, "instructed" just means that the court should explain to the jury at the appropriate time that the defendant was previously convicted of a felony. That appropriate time would be at some point during the presentation of evidence to the jury. However, the judge did not read the agreed-upon portion of the stipulation to the jury during the presentation of evidence, conveying the requisite material to the jury only in the jury instructions, following the close of evidence. Jury

Defense counsel was silent during this interaction.

-11-

instructions themselves are not evidence, and so, again, this omission was an error, albeit a technical one.[6]

Ultimately, however, this technical error does not remotely warrant reversal of Pratt's conviction. As noted, the particularly stringent form of plain error review we apply to an unpreserved challenge to the sufficiency of the evidence asks whether the conviction resulted in a "clear and gross injustice." Bello-Perez, 977 F.2d at 668. Because Pratt had in fact conceded the elements addressed by the stipulation, no such injustice occurred here. Consequently, we reject Pratt's claim of plain error.

**B. Stipulation to Prior Offenses**

Pratt also challenges the fifteen-year term of imprisonment he received under the ACCA, which mandates such a sentence for an individual convicted of being a felon in possession of a firearm who also has "three previous convictions . . . for a violent felony." 18 U.S.C. § 924(e). Pratt claims that the government failed to establish three such convictions. Whether a crime qualifies as a violent felony is a legal question that we

---

[6] The concurrence suggests that we have manufactured unnecessary law in this opinion. We respectfully disagree. Our holding is simply a reminder to the trial courts of some well-established propositions — namely, that stipulations are evidence, jury instructions are not, and a stipulation should be presented to the jury, in whatever manner the parties and the courts agree to, prior to the close of evidence. We doubt that the trial courts, or the litigants, will feel unduly burdened by these reminders.

review de novo. United States v. Mastera, 435 F.3d 56, 59 (1st Cir. 2006).

As noted, before trial, Pratt stipulated to the fact of his prior convictions for five offenses under New Hampshire law: (1) armed robbery; (2) accomplice to armed robbery; (3) assault by a prisoner; (4) burglary; and (5) escape from prison. See supra Section II.A. On appeal, he argues that three of these offenses — accomplice to armed robbery, burglary, and escape from prison — do not fall within the category of "violent felonies" for purposes of § 924(e).

Pratt's claim fails in light of our precedents on the crime of escape. In United States v. Winn, 364 F.3d 7, 12 (1st Cir. 2004), we held that a conviction under the New Hampshire escape statute "is properly characterized as a crime of violence for the purposes of career offender enhancement under the sentencing guidelines." We have also held that "the definitions of 'crime of violence' and 'violent felony' are mirror images of each other and that, therefore, cases construing one such term should be considered instructive with respect to the scope of the other." United States v. Richards, 456 F.3d 260, 263 n.2 (1st Cir. 2006). Our case law thus establishes that the crime of escape is a violent felony. Pratt stipulated to two other offenses that he does not dispute were violent felonies — armed robbery and assault by a prisoner. These three offenses were a sufficient predicate

for the sentencing enhancement under the ACCA, and we therefore need not consider Pratt's arguments with respect to the remaining two stipulated offenses.[7]

**III.**

For the foregoing reasons, we **<u>affirm</u>** Pratt's conviction and sentence.

**<u>So ordered</u>**.

**- Concurring Opinion Follows -**

---

[7] Pratt also asserts that his sentencing was in violation of the Fifth and Sixth Amendments because the indictment did not charge, he did not admit, and a jury did not find that his prior convictions qualified as predicate offenses under the ACCA. The Supreme Court rejected this argument in <u>Almendarez-Torres</u> v. <u>United States</u>, 523 U.S. 224, 239 (1998), and <u>Apprendi</u> v. <u>New Jersey</u>, 530 U.S. 466, 489-90 (2000), but Pratt argues that a majority of the Supreme Court is now poised to overrule its prior holding. As he acknowledges, however, we have rejected this argument on numerous occasions. <u>See</u>, <u>e.g.</u>, <u>United States</u> v. <u>McKenney</u>, 450 F.3d 39, 45-46 (1st Cir. 2006); <u>United States</u> v. <u>Moore</u>, 286 F.3d 47, 51 (1st Cir. 2002). Thus, we need not give it further consideration here.

**BOUDIN, <u>Chief Judge</u>, concurring in the judgment**. No single ritual has been prescribed for advising the jury that a factual issue has been stipulated to by the parties. In some cases a written stipulation is introduced; in others, the jury is merely informed; and no fixed rule exists as to timing. Surely if the parties are content and the pertinent information is conveyed, this is a matter that should be left to the informed discretion of the district judge.

The parties in this case agreed that the defendant had a prior felony conviction and the gun had moved in interstate commerce. They signed and filed a stipulation to this effect listing the specific felonies. The government in opening argument told the jury as to what had been stipulated, without identifying the three specific felonies--an omission helpful to the defendant. In the instructions, the judge repeated the substance to the jury.

The defendant did not object either to the opening statement or the court's handling of the matter at the instruction stage and even on appeal cannot explain how he was disadvantaged by the procedure followed, arguing instead that there was "no evidence" as to the stipulated facts. Of course, the point of a stipulation is to avoid the need to present evidence of an uncontested fact.

Merely to read the panel opinion is to confirm that no settled rule exists as to how the jury is to be informed of a

stipulation. And, in the absence of a governing rule or some prejudicial action, what the district judge did was assuredly not "error." Nor is there any indication of any "standard practice"--whatever this may mean--or that the district judge departed from what the parties intended.

If a recurring problem were presented as to handling of stipulations, it might be acceptable to say that--though there was no error--the matter ought in the future to be handled in a different way. But no such problem exists. Manufacturing more unnecessary "law," of which there is already no shortage, merely creates new traps for trial judges and litigants who are trying to get their jobs done under pressures far exceeding our own.