**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 07-1370

UNITED STATES OF AMERICA,

Appellee,

v.

ROGER DALE BATES,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

Before

Lipez, Circuit Judge,
Selya, Senior Circuit Judge,
and Howard, Circuit Judge,

David Beneman, Federal Public Defender, on brief for appellant.
Margaret D. McGaughey, Appellate Chief, and Paula D. Silsby, United States Attorney, on brief for appellee.

July 28, 2008

**Per Curiam**.   After pleading guilty to possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and being sentenced to the ten-year mandatory minimum under 18 U.S.C. § 2252A(b)(2),[1] defendant appeals from his conviction on the grounds that (1) his guilty plea was unknowing because, at the time of his plea, he was not informed of the mandatory minimum; (2) his prior conviction for indecent assault on a minor should not have served as a predicate for the mandatory minimum because he did not knowingly waive his right to counsel before pleading guilty to that offense; and (3) the prior conviction should not have been considered because it was not included in the indictment or proven beyond a reasonable doubt.   For the reasons discussed below, we reject each of these arguments and summarily affirm the conviction.

I.

Defendant was aware as early as June 2006 that, assuming the validity of his prior conviction, the instant offense carried a mandatory minimum sentence of ten years and that, if he filed a motion to withdraw his plea on that ground,

---

[1]Section 2252A(a)(5)(B) criminalizes the possession of "any . . . videotape . . . that contains an image of child pornography." In general, persons who violate that provision are subject to a term of imprisonment of "not more than 10 years."   18 U.S.C. § 2252A(b)(2).   However, if the person "has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor . . ., such person shall be . . . imprisoned for not less than 10 years nor more than 20 years."   Id.

the court would be inclined to grant it. Yet, from that time through his sentencing eight months later, in February 2007, he never moved to withdraw his plea. Under those circumstances, defendant arguably waived any challenge to the validity of his plea by intentionally relinquishing a known right. See United States v. Olano, 507 U.S. 725, 733 (1993) (distinguishing between waiver and forfeiture). But, even assuming that this challenge was not waived entirely but merely forfeited, this court's review is only for plain error. United States v. Vonn, 535 U.S. 55, 63 (2002).

Under that standard, even where the district court committed an obvious legal error in the plea proceedings,[2] the plea will not be vacated on appeal unless the defendant can also show that the error affected his "substantial rights." Olano, 507 U.S. at 734-35. To make that showing in the guilty-plea context, a defendant "must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004);[3] see also

---

[2]The error here--failing to inform defendant of the ten-year mandatory minimum--was not obvious when made but became so only when the probation officer later discovered that defendant had a prior conviction for indecent assault on a minor, which triggered the mandatory minimum under 18 U.S.C. § 2252A(b)(2).

[3]Before Dominguez Benitez, this court applied a less demanding standard as to whether an error in plea proceedings affected a defendant's "substantial rights." See, e.g., United States v. Castro-Gomez, 233 F.3d 684, 687 (1st Cir. 2000) (finding such an effect where defendant's decision to plead guilty "could reasonably have [been] affected"); United States v. Santo, 225 F.3d 92, 101 (1st Cir. 2000) (finding such an effect where defendant's

-3-

United States v. Caraballo-Rodriquez, 480 F.3d 62, 69 (1st Cir.), cert. denied, 128 S. Ct. 489 (2007). "A defendant must thus satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is 'sufficient to undermine confidence in the outcome of the proceeding.'" Dominguez Benitez, 542 U.S. at 83 (citations omitted).

Defendant does not attempt to make such a showing here, and the record strongly suggests the opposite, i.e., that even if defendant had been told at his plea colloquy that a ten-year mandatory minimum applied, he still would have pled guilty. When the potential applicability of the mandatory minimum first came to light, the court immediately offered to vacate the guilty plea on that ground if defendant so desired. In the ensuing colloquy, the prosecutor suggested that defendant might still want to plead guilty in light of ongoing negotiations to get a concurrent sentence in a related, pending state-court matter; and defense counsel agreed with that characterization of those negotiations in the state-court case. At a second conference two months later, defense counsel indicated, after speaking to his client, that even if the prior conviction is deemed valid, triggering the ten-year mandatory minimum, defendant probably would not want to

willingness to plead guilty "might conceivably have been lessened"). Defendant's reliance on such pre-Dominguez Benitez cases is therefore misplaced.

-4-

withdraw his plea.  Again the court indicated its willingness to grant a motion to withdraw the plea, but no such motion was filed even after the court ruled that the mandatory minimum applied and proceeded to sentence him to that minimum.  The fact that defendant was offered several opportunities to withdraw his plea after being informed of the mandatory minimum but never sought to do so is a strong indication that, even if he had been informed of the mandatory minimum at the change-of-plea hearing, he still would have pled guilty.  Thus, defendant has failed to meet his burden of demonstrating a "reasonable probability that . . . he would not have entered the plea," Dominguez Benitez, 542 U.S. at 83, had he been informed of the mandatory minimum at the time.  Accordingly, under the plain-error standard, no relief from his plea is warranted at this late stage.

## II.

After carefully reviewing the underlying record, we agree with the district court's conclusion that defendant knowingly waived his right to counsel before pleading guilty to indecent assault on a minor and therefore affirm the denial of defendant's motion to exclude that conviction for purposes of computing his mandatory minimum sentence under 18 U.S.C. § 2252A(b)(2).  In so doing, we rely primarily on the analysis contained in the district court's thorough and well-reasoned decision, United States v. Bates, 2006 WL 3210434, at *1-*2 (D.

Me. Nov. 6, 2006). See generally Metro. Life Ins. Co. v. Zaldivar, 413 F.3d 119, 120 (1st Cir. 2005). We add only the following comments from an appellate perspective.

The district court's factual findings are amply supported by the record or reasonable inferences therefrom and therefore readily survive scrutiny under the applicable clearly erroneous standard. United States v. Frechette, 456 F.3d 1, 11 (1st Cir. 2006). In making those findings, the district court properly placed the burden on the defendant to establish that his prior conviction (whose existence he does not dispute) was invalid, United States v. Sanchez, 354 F.3d 70, 81 (1st Cir. 2003), and properly applied the presumption of regularity that attaches to criminal judgments even when challenged on constitutional grounds, Parke v. Raley, 506 U.S. 20, 37 (1992); Sanchez, 354 F.3d at 81. And, in concluding that defendant's waiver of counsel was knowing, the court considered the appropriate factors, including defendant's education, experience, and prior exposure to the criminal justice system; the relative simplicity of the charge; the stage of the proceedings at which counsel was waived; the favorable sentencing outcome; and the absence of an appeal from or collateral attack on his state conviction or sentence. Iowa v. Tovar, 541 U.S. 77, 81 (2004); Parke, 506 U.S. at 37; United States v. Gray, 177 F.3d 86, 89 (1st Cir. 1999). Under the applicable de novo standard of

review, <u>Frechette</u>, 456 F.3d at 11, we find no error in the district court's application of those factors to the facts of this case.

### III.

As defendant candidly recognizes, his challenge to consideration of his prior conviction on the ground that it was neither admitted, charged in the indictment, nor proved beyond a reasonable doubt is currently "hopeless." <u>United States</u> v. <u>Richards</u>, 456 F.3d 260, 262 (1st Cir. 2006) (citing <u>Almendarez-Torres</u> v. <u>United States</u>, 523 U.S. 224 (1998)), <u>cert. denied</u>, 127 S. Ct. 2097 (2007).

### IV.

Accordingly, the judgment of the district court is <u>summarily affirmed</u>. <u>See</u> 1st Cir. R. 27.0(c).