# United States Court of Appeals
## For the First Circuit

No. 05-2758

UNITED STATES OF AMERICA,

Appellee,

v.

MARK J. SOUSA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Lipez, Circuit Judge,

Stahl, Senior Circuit Judge,

and Howard, Circuit Judge.

Richard N. Foley for appellant.
F. Mark Terison, Senior Litigation Counsel, with whom Paula D.
Silsby, United States Attorney, was on brief, for appellee.

November 15, 2006

**HOWARD**, **Circuit Judge**.  In 2003, Mark J. Sousa was arrested in Kittery, Maine, for firing a semi-automatic pistol.  He was then indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  The indictment alleged, as the predicate offense, Sousa's 1977 Massachusetts conviction for assault with a dangerous weapon entered by the Boston Municipal Court.  See Mass. Gen. Laws ch. 265, § 15B(b) (1975).

Sousa moved to dismiss the indictment on two grounds.  He argued first that, because his 1977 conviction occurred in the Boston Municipal Court, where a state prison term could not be imposed, the conviction was a misdemeanor.  He also argued entrapment by estoppel because a Massachusetts state court judge treated his 1977 conviction as a misdemeanor during a 1990 criminal proceeding.

The district court was unpersuaded.  The court observed that, while Sousa's 1977 conviction took place in the Boston Municipal Court, the Massachusetts Superior Court had concurrent jurisdiction over the offense and could have imposed a state prison sentence of longer than one year.  Thus, the crime was a felony under Massachusetts law.  The court also ruled that there was no factual basis for Sousa's entrapment by estoppel defense.

After the district court's ruling, Sousa agreed to conditionally plead guilty, while reserving the right to appeal the

denial of his motion to dismiss. At the conclusion of a Fed. R. Crim. P. 11 colloquy, the district court accepted Sousa's plea.

Five months later, Sousa moved to withdraw the plea on two grounds. First, he claimed that he did not plead guilty voluntarily because, four days prior to the plea proceeding, he had become distraught after learning that his wife had been diagnosed with a terminal illness. Second, since entering the plea, he had discovered "new evidence" which strengthened his defenses. This "new evidence" consisted of the fact that the Somerville Massachusetts Police Department had issued Sousa a firearm identification permit in 1988. Sousa argued that he reasonably believed that his receipt of this identification card meant that his 1977 conviction was a misdemeanor and that he could legally carry a firearm.

The district court rejected these arguments. The court ruled, as a factual matter, that Sousa knowingly and voluntarily pleaded guilty despite having recently learned of his wife's diagnosis. The court further concluded that Sousa's entrapment by estoppel defense failed because Sousa had not shown that he received an affirmative representation that he could carry a firearm lawfully from a <u>federal</u> official. The court subsequently sentenced Sousa to 33 months' imprisonment, fined him $5,000, and placed him on two years' supervised release.

On appeal, Sousa makes three arguments: (1) the district court erroneously concluded that his 1977 conviction was a predicate offense under § 922(g); (2) the court incorrectly rejected his entrapment-by-estoppel argument; and (3) the court abused its discretion by denying his motion to withdraw his guilty plea. We address these arguments in turn.

Under federal law, a person may not possess a firearm that has traveled in interstate commerce if the person "has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g). A "crime punishable by imprisonment for a term exceeding one year" does not include an offense which a state classifies as a misdemeanor <u>and</u> is punishable by a term of imprisonment of two years or less. 18 U.S.C. § 921(a)(20)(B). Moreover, an otherwise qualifying conviction does not count as a predicate offense if the defendant has had his civil rights restored by the state, unless the restoration expressly provides that the person may not ship, transport, possess, or receive firearms. 18 U.S.C. § 921(a)(20); <u>see generally</u> <u>Caron</u> v. <u>United States</u>, 524 U.S. 308, 312-17 (1998).

Assault with a dangerous weapon -- the statute underlying Sousa's 1977 conviction -- subjects a defendant to "imprisonment in state prison for not more than five years" or "imprisonment in jail for not more that two and one-half years." Mass. Gen. Laws ch. 265, § 15(B)(b) (1975). Massachusetts law defines a felony as a

-4-

crime that is punishable by confinement in state prison. See Mass. Gen. Law. ch. 274, § 1. The Boston Municipal Court and the Massachusetts District Courts may not impose state prison sentences, see Mass. Gen. Laws ch. 218, § 27; Commonwealth v. Hall, 492 N.E.2d 84, 85 n.2 (Mass. 1986), and a defendant may not be sentenced to state prison unless proceeded against by grand jury indictment, see Commonwealth v. Smith, 829 N.E.2d 1090, 1092 (Mass. 2005). Sousa contends that, because his 1977 conviction occurred in the Boston Municipal Court and he was not indicted, he could not receive a state prison sentence and thus was convicted of a misdemeanor.

One reasonably may ask why the classification of the 1977 conviction either as a felony or misdemeanor matters. After all, as discussed above, a misdemeanor may serve as a predicate offense under § 922(g) if the crime is punishable by two or more years of imprisonment. And here, even if Sousa's 1977 conviction was a misdemeanor, the potential punishment exceeded two years.

The answer lies in the statutory provision stating that an otherwise qualifying conviction does not count as a predicate offense if the defendant's civil rights have been restored unless the restoration provides that the defendant may not ship, transport, possess, or receive firearms. 18 U.S.C. § 921(a)(20). Sousa's civil rights probably have been restored by operation of Massachusetts law for his 1977 conviction. See, e.g., Estrella,

-5-

104 F.3d at 6-7 (explaining that a felon's civil rights are restored by operation of Massachusetts law seven years after the conviction and release from confinement). But, if Sousa's 1977 conviction is a felony, Massachusetts imposes continuing restrictions on his ability to possess a firearm which would make the 1977 conviction count as a predicate offense under § 922(g). See United States v. Blodgett, 130 F.3d 1, 3 (1st Cir. 1997); Estrella, 104 F.3d at 8.

We look to Commonwealth law to determine whether the 1977 conviction is a felony. See 18 U.S.C. § 921(a)(20). And Massachusetts does regard the conviction as a felony. In Smith, the defendant was charged with a crime that carried the possibility of a state prison sentence. 891 N.E.2d at 1091. But the defendant was tried in state district court and was not indicted. Id. He argued therefore that he was only convicted of a misdemeanor because the district court could not have sentenced him to state prison. Id. The Massachusetts Supreme Judicial Court has rejected this argument, reasoning that "the issue is how the crime itself may potentially be punished, not how a particular defendant before a particular court may be punished." Id. at 1092 n.1 (emphasis supplied). Because the defendant's offense was punishable by a state prison sentence, the crime was a felony. Id.

So too here. Because Sousa was not indicted and was prosecuted in the Boston Municipal Court, he could not have been

sentenced to state prison for his 1977 conviction.  Nevertheless, assault with a dangerous weapon carries the potential for a state prison term, and therefore Sousa was convicted of a felony.  See 8 Op. Mass. Att'y Gen. 342, 343 (1927) (stating that the fact that the defendant was prosecuted in the district court "does not affect the nature of the defendant's crime and make an offense which is defined by statute as a felony a misdemeanor").  Accordingly, the district court correctly ruled that Sousa's 1977 conviction was a predicate offense under § 922(g).

We turn next to Sousa's argument that the district court should have dismissed the indictment because he established entrapment by estoppel as a matter of law.  We review this argument de novo.  United States v. Pardue, 385 F.3d 101, 108 (1st Cir. 2004).

"A defense of entrapment by estoppel [requires the defendant] to show that he had been told by a government official that his behavior was legal and that he reasonably relied on that advice."  United States v. Bunnell, 280 F.3d 46, 49 (1st Cir. 2002).  Sousa claims that the Somerville Massachusetts Police Department "told him" that possessing a firearm was legal by issuing him a firearm identification card.[1]

---

[1]On appeal, Sousa does not renew his argument that the state court judge's treatment of his 1977 conviction during the 1990 proceeding supports his entrapment-by-estoppel defense.

-7-

We rejected a nearly identical argument in United States v. Caron, 64 F.3d 713, 714-17 (1st Cir. 1995). A successful entrapment by estoppel defense generally requires that the misleading statement come from an official representing the sovereign bringing the prosecution, i.e., a federal official. Id. at 716-17. We did hold open the possibility in Caron that entrapment by estoppel could be a defense to a federal crime where a state official affirmatively provides the defendant with misleading advice on the requirements of federal law. Id. at 717. But Sousa does not claim that a Massachusetts official affirmatively told him that he could legally possess a firearm under federal law. The district court therefore correctly rejected Sousa's entrapment by estoppel defense.

Finally, we consider Sousa's claim that he should have been permitted to withdraw his guilty plea. Where, as here, a defendant moves to withdraw a guilty plea before sentencing, we review the denial of the motion for an abuse of discretion. See United States v. Isom, 85 F.3d 831, 834 (1st Cir. 1996). A defendant does not have an automatic right to withdraw a guilty plea, see United States v. Marrero-Rivera, 124 F.3d 342, 347 (1st Cir. 1997), but the court should permit a motion to withdraw if the defendant offers "a fair and just reason," Fed. R Crim. P. 11(d)(2)(B). Among the relevant factors are whether the plea was

voluntary, intelligent, knowing, and complied with Rule 11; the force of the reasons offered by the defendant; whether there is a serious claim of actual innocence; the timing of the motion; and any countervailing prejudice to the government if the defendant is allowed to withdraw his plea. See United States v. Padilla-Galarza, 351 F.3d 594, 597 (1st Cir. 2003).

Sousa contends that he should have been allowed to withdraw his guilty plea because he learned four days before entering the plea that his wife had been diagnosed with a terminal illness. There is no dispute that the district court provided Sousa with an appropriate Rule 11 colloquy, and that during the colloquy Sousa acknowledged that he was pleading guilty voluntarily and had committed the charged offense. Although we do not minimize the impact on Sousa of the distressing news about his wife's illness, Sousa had four days to consider the impact of his wife's condition and its relationship to his legal situation prior to making these statements. Sousa has provided us with no basis for upsetting the court's conclusion that his concern for his wife's health did not impair his ability to make a knowing and voluntary choice on the day of his plea. Cf. United States v. Aker, 181 F.3d 167, 171 (1st Cir. 1999) (concluding that a defendant was not entitled to withdraw a guilty plea because of depression over his wife's death because there was no proof that the depression prevented the defendant from voluntarily pleading guilty).

Sousa's five month delay in moving to withdraw his plea also counsels against permitting withdrawal.  E.g., United States v. Pagan-Ortega, 372 F.3d 22, 31 (1st Cir. 2004) (stating that two-month lag between plea and motion to withdraw places "it well within the area of vulnerability because of untimeliness"); United States v. Pellerito, 878 F.2d 1535, 1541 (1st Cir. 1989) (ruling that eight week delay between plea and motion to withdraw weighed against defendant).  Moreover, Sousa has not made a serious claim of actual innocence.  For these reasons, the district court acted within its discretion by denying Sousa's motion to withdraw his guilty plea.

**Affirmed**.