# United States Court of Appeals
## For the First Circuit

No. 09-2292

UNITED STATES OF AMERICA,

Plaintiff, Appellee,

v.

CHARLES SMALL,

Defendant, Appellant.


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE
[Hon. D. Brock Hornby, U.S. District Judge]


Before

Boudin, Circuit Judge,
Souter, Associate Justice,[*]
and Selya, Circuit Judge.


William Maselli was on brief for the appellant.
Renee M. Bunker, Assistant United States Attorney, with whom Thomas E. Delahanty,II, United States Attorney, was on brief for the appellee.


April 6, 2011


---

[*]    The Hon. David H. Souter, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

**SOUTER, Associate Justice**.  The three issues raised by defendant, Charles Small, go to an evidentiary ruling that prompted his guilty plea to possession of a firearm after being convicted of a crime punishable by more than a year's imprisonment, 18 U.S.C. §922(g)(1), to the denial of his motion to withdraw the plea, and to the classification of a prior escape conviction as a crime of violence under the sentencing guidelines.  We affirm.

At the time in question, Small was on probation following a state criminal conviction.  He asked his state probation officer if he could lawfully go hunting with his ten-year-old son and was told that although he could, he could not possess a firearm.  Maine game wardens got wind of Small's plans and, knowing that he was a convicted felon, staked out his truck once he and the son entered the woods.  The wardens could see no weapons inside the vehicle when they first looked, but when they reappeared after Small and the boy returned, they saw two.  The firearm nearest Small, on the driver's seat, was a shotgun for which Small had live and spent shells in his pocket.

When Small was indicted for possession as a felon under §922(g)(1), he planned to defend on the basis of an estoppel variety of the entrapment defense, that is, that he acted in reliance on advice from an "authorized government official" that his conduct would be lawful.  See United States v. Caron, 64 F.3d 713, 715 (1st Cir. 1995); United States v. Smith, 940 F.2d 710, 714

-2-

(1st Cir. 1991). Small proposed to offer testimony about the advice from his probation officer and from his prior counsel, to whom the officer had confirmed the substance of the conversation with Small, but evidence from both was excluded as irrelevant on the Government's motion *in limine*. As a consequence, Small entered a conditional guilty plea (with a jury waiting to hear the case). He moved to withdraw his guilty plea three months later, but his motion was denied. At sentencing he unsuccessfully argued that a prior state conviction of escape from the Cumberland County Jail should not be treated as a "crime of violence" when determining his sentence under the federal sentencing guidelines. See USSG §2K2.1(a)(2).

We review the district court's decision to exclude evidence and to deny the motion to withdraw the guilty plea for abuse of discretion. United States v. Jadlowe, 628 F.3d 1, 23 (1st Cir. 2010) (exclusion of evidence); United States v. Sousa, 468 F.3d 42, 46 (1st Cir. 2006) (motion to withdraw guilty plea). The classification of a prior offense as a crime of violence under the sentencing guidelines gets de novo review. United States v. Mastera, 435 F.3d 56, 59 (1st Cir. 2006).

The condition attached to the guilty plea reserved Small's right to appeal the *in limine* order barring the probation officer's testimony (and its hearsay corroboration by Small's prior lawyer), an issue we think has no merit. The Government was bound

to prove Small's prior felony plus his knowing possession of a firearm that had moved in interstate commerce. The only elements in contention were the knowing state of mind and possession (which the prosecutor proposed to show as constructive possession, the capacity and intent to exercise dominion and control, see United States v. Wight, 968 F.2d 1393, 1398 (1st Cir. 1992)). As to these elements, the probation officer's advice was entirely irrelevant to the defense and thus inadmissable, Fed. R. Evid. 402. Leaving aside the point that a state official has no authority to speak for, let alone estop, the national government in enforcing federal law, we know from the officer's testimony at the motion hearing that she would have testified that she told Small he could not lawfully possess a firearm. Small's prior counsel could only have added hearsay to irrelevance. Small adds, perhaps belatedly, that the testimony could have been admitted as bearing on his state of mind at the time (on intent to possess and control). But there is no apparent reason to infer that the officer's prior advice against possessing a firearm could have affected Small's thinking in any exculpatory way on the day of the hunt. Finally, it adds nothing to argue, as Small now does, that due process as fundamental fairness entitled him to present the evidence. It is not unfair to exclude evidence that is incompetent for the estoppel purpose offered, and irrelevant to the defense.

As for the motion to withdraw the guilty plea, a

-4-

defendant so seeking must present a "fair and just reason," Fed. R. Crim. P. 11(d)(2)(B). The substance of Small's reason is the effect of losing the *in limine* motion, combined with the ensuing pressure from his then-lawyer and family to plead guilty. There is no question that the events in sequence upset him, as is shown in the colloquy accompanying the plea; the court declared a break for Small to take a nitroglycerine pill and compose himself. But we see no abuse of discretion in the court's denial of the motion to withdraw the plea. The plea colloquy between court and defendant was by no means cut and dried, and after the court took the break for medication and composure, the judge questioned Small to make sure he really wished to go on with the hearing and stick with his stated intent to plead guilty. Small made it plain to the court that he understood that with the excluded testimony out of the trial he had no defense to an overwhelming government case, and as our holding here demonstrates, the testimony would have been no defense even if admitted. While Small doubtless felt the force of advice to plead, much of that force depended on realizing, sensibly enough, that any hope of a defense was gone. These considerations raise no serious doubt about the trial judge's assessment at the plea proceeding that Small understood what he was saying, meant to say it, and was acting realistically. The fact that the request to withdraw the plea came three months after its entry just indicates the more emphatically that Small's position boils down to second

-5-

thoughts, an inadequate basis to reverse course even when, as here, the delay has not prejudiced the government's capacity to try the case if it should have to. See United States v. Sousa, 46 F.3d 42, 46 (1st Cir. 2006) (considerations on request to withdraw guilty plea).

The final question here is the legitimacy of treating Small's Maine escape conviction as a "crime of violence" within the meaning of the Federal Sentencing Guidelines, which contain an analogue to the Armed Career Criminal Act, 18 U.S.C. §924(e)(1) (ACCA), covering crimes expressly defined to include a violence element, certain crimes specifically named, and crimes with a serious potential for injuring another comparable in behavior and intent to the crimes listed. USSG §2K2.1(a)(2); see Begay v. United States, 128 S. Ct. 1581, 1585-1586 (2008). Small was convicted under Maine's 17-A M.R.S.A. §755(1)(A), which provides that one is guilty of the Class C crime of escape "if without official permission the person intentionally . . . [l]eaves official custody or intentionally fails to return to official custody following temporary leave granted for a specific purpose or limited period." Current precedent is that escape from "secure custody" falls within the third category of violence, United States v. Pratt, 568 F.3d 11, 22 (1st Cir. 2009), and that escape from "official custody" in a Maine house of correction in violation of §755(1)(A) is escape from "secure custody" within the holding of

-6-

Pratt, United States v. Willings, 588 F.3d 56, 59-60 (1st Cir. 2009). When applying the guidelines here, the district judge carefully noted for the record that Small had been sentenced to the Cumberland County Jail and went the further step of taking judicial notice that it was a "secure" institution of custody.

Small argues for different treatment by seeking to analogize his escape to a mere failure to report for custody, which is not in the violent category. See Chambers v. United States, 129 S.Ct. 687, 692-693 (2009). While he does not deny that his escape was one of leaving official custody, he claims that it should be treated as non-violent on the basis of the presentence report, which explains that at the time of the escape he had been taken by the jail authorities to the Maine Medical Center for treatment, and suggests that he just walked out of the hospital without interference. Walking out, he says, should be treated as non-violent, like failing to walk in.

To the extent that Small is arguing that he committed a generally violent offense in a particularly peaceful way, his point is at odds with Taylor v. United States, 495 U.S. 575 (1990), which established the rule that crimes must be classified as violent or non-violent by categories defined according to generally occurring characteristics, not by reference to idiosyncracies of specific convictions listed on a defendant's record. Id. at 588-590; Pratt, 568 F.3d at 19. Escape from official custody in Maine is

categorically violent, and Small does not even claim to have committed a categorically different offense of failing to report.

**Affirmed.**