UNITED STATES of America,
Plaintiff,

v.

Jesus Rafael SUAREZ–COLON,
Defendant.

Criminal Nos. 09–364 (FAB),
11–438(FAB).

United States District Court,
D. Puerto Rico.

April 11, 2012.

Jenifer Yois Hernandez–Vega, Jose A. Ruiz–Santiago, United States Attorneys Office, San Juan, PR, for Plaintiff.

Luis R. Rivera–Gonzalez, San Juan, PR, for Defendant.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

On February 27, 2012, defendant Jesus Rafael Suarez–Colon ("Suarez") filed a *pro se* motion to withdraw his guilty plea.

(Docket No. 726 in Criminal No. 09–364 and Docket No. 13 in Criminal No. 11–438.) The government filed an opposition to defendant's motion on March 26, 2012. (Docket No. 804 in Criminal No. 09–364 and Docket No. 56 in Criminal No. 11–438.) The Court has reviewed the parties' motions, and for the reasons set forth, **DENIES** defendant's motion to withdraw his guilty plea.

On October 25, 2011, at a change of plea hearing before Magistrate Judge Velez–Rive, defendant Suarez "indicated and confirmed his intention to plead guilty to Counts Eight and Thirty–Three of the Indictment in Cr. No. 09–364(FAB) and Count One of the Information in Cr. No. 11–438(FAB). . . ." (Docket No. 614 at 4.) Subsequently, on October 27, 2011, the magistrate judge issued a report and recommendation, recommending that a guilty plea be entered as to those counts. *Id.* Defendant Suarez did not object to the report and recommendation. On November 18, 2011, the Court adopted the report and recommendation in full. (Docket No. 622.) Defendant has brought this motion before the Court to request the withdrawal of his guilty plea, claiming that he "involuntarily signed his guilty plea by the ineffective assistance of [his] counsel Francisco Acevedo–Padilla ["Acevedo"], who through coercion, intimidation and fear pressured defendant [ ] to involuntarily plead guilty." (Docket No. 726 at 1.)

**DISCUSSION**

**A. Legal Standard Governing Motion to Withdraw Guilty Plea**

■ A defendant may withdraw his guilty plea before he is sentenced if he can show "a fair and just reason for requesting the withdrawal." *United States v. Isom,* 580 F.3d 43, 52 (1st Cir.2009) (citing *United States v. Sousa,* 468 F.3d 42, 46 (1st Cir.2006); Fed.R.Crim.P. 11(d)(2)(B)). In making its determination, a court may consider the following factors: "whether the plea was voluntary, intelligent, knowing and in compliance with Rule 11; the strength of the reasons offered in support of the motion; whether there is a serious claim of actual innocence; the timing of the motion; and any prejudice to the government if the withdrawal is allowed." *Id.* (citations omitted). The First Circuit Court of Appeals has "regularly noted" that the most important factors to consider pursuant to Rule 11 are whether the plea was voluntary, intelligent, and knowing. *Id.* A defendant does not have "an automatic right" to withdraw his or her guilty plea, and the burden of persuasion as to the existence of "fair and just reason" rests squarely with the defendant. *United States v. Parrilla–Tirado,* 22 F.3d 368, 371 (1st Cir.1994).

Defendant Suarez argues that his guilty plea should be withdrawn because it was obtained through coercion, intimidation, and pressure by his attorney. (Docket No. 726.) The government maintains that defendant Suarez fails to show a fair and just reason to request withdrawal of the plea under the factors outlined above. The Court will analyze all of the relevant factors and the parties' arguments.

**B. The Plea was Voluntary, Intelligent and Knowing**

■ The record reflects that on October 25, 2011, at defendant's change of plea hearing, defendant testified under oath that he was accepting a plea agreement voluntarily, without being forced or threatened. (Docket No. 818 at 14–15.) Defendant Suarez testified that he has a college degree, was not under the influence of any drugs or medicines, and felt physically and mentally well enough to understand the proceedings against him. *Id.* at 3. He also testified under oath that he understood the

maximum penalties that could be imposed on him if he accepted a guilty plea. *Id.* at 15–16. At no point during the hearing did defendant Suarez ever raise an objection or a question regarding his guilty plea. He also testified many times during the hearing that he had discussed the charges filed against him with his attorney, that he had consulted with his attorney regarding the plea agreement, and that he was satisfied with the legal representation provided to him by his attorney. *Id.* at 5–7, 13–14, 27. The magistrate judge was thorough in her questioning and in her explanations as to the conditions and consequences of defendant Suarez's plea. The record has established that he "understood the charges against him and the spectrum of possible penalties to which an admission of guilt will expose him." *United States v. Jimenez,* 512 F.3d 1, 3–4 (1st Cir.2007) (noting that "[a] defendant's acknowledgment, during a change-of-plea proceeding, that he understands a lucid explanation of his potential sentencing exposure is powerful evidence of the knowing nature of his guilty plea.")

▮ Defendant Suarez's primary argument for withdrawal of his guilty plea is that his counsel pressured and coerced him into accepting the plea involuntarily. His statements under oath at the change of plea hearing regarding the adequacy of his legal representation, however, "carry a strong presumption of verity," as "it is the policy of the law to hold litigants to their assurances." *United States v. Marrero–Rivera,* 124 F.3d 342, 349 (1st Cir.1997) (citations omitted). Moreover, he has presented "no affirmative evidence that [he] acted involuntarily"; thus, even if his attorney had "persuaded" defendant that pleading guilty was in his best interest, it does not necessarily follow that the plea was rendered "involuntarily." *Id.*; *see also Williams v. Chrans,* 945 F.2d 926, 933

(7th Cir.1991) (" 'Advice-even strong urging' by counsel does not invalidate a guilty plea.") (quoting *Lunz v. Henderson,* 533 F.2d 1322, 1327 (2d Cir.), *cert. denied,* 429 U.S. 849, 97 S.Ct. 136, 50 L.Ed.2d 122 (1976)).

▮ Defendant Suarez's argument that he signed the plea agreement because he was told that it would prevent the government from pressing charges against his wife is equally unavailing. Defendant Suarez testified at his hearing that "no one" had offered him any kind of "award or thing of value" in exchange for his guilty plea. (Docket No. 818 at 15.) He also acknowledged at the hearing that his "written Plea Agreement and the Supplement contain[ed] all the promises, terms and conditions" that he agreed to with the government. *Id.* at 26. His bare allegations, presented without any evidence or factual support, are insufficient to challenge the presumption that his plea was given voluntarily and knowingly at the change of plea hearing. Finally, defendant Suarez's complaints that he agreed to the plea agreement under mentally exhausting and anxiety-producing conditions are not "exceptional enough to evince" that his decision to plea was not a product of free will or that he was precluded from making a "rational assessment" of the options available to him. *Marrero–Rivera,* 124 F.3d at 350 (finding that defendant's "strategic decision to plead guilty was not rendered involuntary by the anxieties and time pressures confronting [him].").

**C. Other Relevant Factors**

Having established that defendant Suarez's plea was voluntary, knowing and intelligent, the Court now turns its attention to several other factors to determine whether defendant Suarez has met the burden of persuasion to withdraw his guilty plea. The Court considers the fol-

lowing considerations: (1) the strength of reasons for withdrawing the plea, (2) defendant's claim of innocence, (3) the timing of defendant's motion, and (4) prejudice to the government if withdrawal were allowed. *See Isom,* 580 F.3d at 52.

■ As discussed above, defendant Suarez's motion fails to state plausible reasons for allowing the withdrawal of his guilty plea. *See Parrilla–Tirado,* 22 F.3d at 371 ("[P]lausibility must rest on more than the defendant's second thoughts about some fact or point of law, or about the wisdom of his earlier decision.") (citations omitted). Defendant Suarez's allegations that his counsel forced him to plead guilty because his counsel was not fully prepared for trial lack credibility and strength. He provides no evidentiary support for these assertions, and more importantly, provides no reason why he testified under oath at his change of plea hearing that the legal representation he received was satisfactory. Moreover, as the government states, defendant Suarez was represented by a different attorney since before he was indicted, who filed many motions to withdraw representation; it was only on October 7, 2011 that attorney Acevedo filed a notice of appearance before this Court to take on the representation of defendant Suarez pursuant to the Criminal Justice Act. *See* Docket Nos. 133, 554, 559, and 569. Attorney Acevedo was responsible for representing defendant at the change of plea hearing—in accordance with his duties, he requested the plea agreement from the government so that he could discuss it with defendant Suarez and asked for a continuance of the bond revocation hearing in order to further negotiate the guilty plea. *See* Docket Nos. 605, 593, and 603.

The Court finds that defendant Suarez's motion lacks strength in its allegations regarding the alleged coercion of his attorney; the record reflects that defendant Suarez was represented by another attorney and should have been fully aware of the charges against him, and that attorney Acevedo made efforts to confer with defendant and obtain a knowing, voluntary and intelligent plea from him.[1]

■ Next, the timing of defendant's motion to withdraw his plea is a further detriment to his case. "Delayed requests, even if made before sentencing, are generally regarded with disfavor." *Parrilla–Tirado,* 22 F.3d at 373. The First Circuit Court of Appeals has routinely held that "[t]he rule of thumb is that the longer a defendant waits before moving to withdraw his plea, the more potency his motion must have in order to gain favorable consideration." *Marrero–Rivera,* 124 F.3d at 353 (quoting *Parrilla–Tirado,* 22 F.3d at 373.) Defendant Suarez waited four months after his change of plea hearing before he filed the motion to withdraw his guilty plea. The "principal ground" on which defendant's motion is based—that his attorney "pressured him into pleading guilty"—is made even more implausible given the "extended delay in seeking to vacate the guilty plea." *Marrero–Rivera,* 124 F.3d at 353.

■ In determining whether the withdrawal of a guilty plea is "fair and just", "a defendant's assertion of innocence may weight the scales in favor of withdrawal, and conversely, the absence of a claim of innocence weights the opposite pan of the scales." *Parrilla–Tirado,* 22 F.3d at 373. Defendant Suarez makes

---

1. The Court notes that if defendant still seeks to pursue his claims against attorney Acevedo, defendant may raise them more appropriately in an ineffective assistance of counsel action pursuant to 28 U.S.C. § 2255. *See Moreno–Espada v. United States,* 666 F.3d 60, 64–67 (1st Cir.2012).

general, unsubstantiated statements regarding his "innocence" and his intentions of going to trial; however, the Court need not "give weight to a self-serving, unsupported claim of innocence raised judicially for the first time after the Rule 11 hearing." *United States v. Ramos,* 810 F.2d 308, 313 (1st Cir.1987). Defendant Suarez makes no effort to explain why, at his change of plea hearing, after hearing the government state the facts that would have been proven against him had he gone to trial, defendant stated, without hesitation, that he believed that the statement of facts against him were accurate. (Docket No. 818 at 20–26.) Thus, the Court attributes no weight to defendant's cursory claims of innocence in his motion to withdraw his guilty plea.

█ Finally, the government maintains that the it would be prejudiced if withdrawal of defendant's guilty plea were allowed. The effort that went into the plea negotiations and the Rule 11 proceedings have been described by the First Circuit Court of Appeals as "a time-consuming exercise", and the Court acknowledges that plea bargaining is an important part of the criminal justice system that invites reliance on promises from all parties involved. *See Nunez Cordero v. United States,* 533 F.2d 723, 726–27 (1st Cir.1976). Moreover, the Court declines to set a precedent that "withdrawals of pleas before sentence should be granted as a matter of course" absent a showing of serious prejudice to the government. *See id.* For the reasons states, defendant's motion to withdraw his guilty plea is **DENIED.**

A copy of this Memorandum and Order shall be provided to Jesus Rafael Suarez–Colon.

**IT IS SO ORDERED.**